**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DEBORAH CAINE, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>STURDY MEMORIAL HOSPITAL, INC.,<br><br>          Defendant. | Case No. 1:25-cv-10261<br><br>[Trial Court of Massachusetts, The Superior Court, Suffolk County, Docket No. 2484CV01953]<br><br>DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(c) |

**NOTICE OF REMOVAL**

To the Honorable Judges of the United States District Court for the District of Massachusetts and Plaintiff Deborah Caine:

Plaintiff's Amended Complaint includes a federal claim against Sturdy Memorial Hospital, Inc. ("Sturdy Memorial") for violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511. Sturdy Memorial therefore removes this case pursuant to federal question jurisdiction. 28 U.S.C. § 1331; 28 U.S.C. § 1441(c).

In support of removal, Sturdy Memorial provides the following "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a):

**NATURE OF THE CASE**

1.  Sturdy Memorial is an integrated health system offering medical care at thirty-two (32) locations in Southeastern Massachusetts.

2.  On July 24, 2024, Plaintiff Deborah Caine filed a complaint against Sturdy Memorial, in the Superior Court of the Commonwealth of Massachusetts for the County of Suffolk, Case No. 2484CV01953.

3.      Plaintiff served Sturdy Memorial with the Complaint, and the summons was returned on October 21, 2024.

4.      Plaintiff's Complaint challenged Sturdy Memorial's routine on-line practices as illegal wiretapping under the Massachusetts Wiretap Act, M.G.L. c. 272 § 99, and a violation of privacy under M.G.L. c. 214, §1B and M.G.L. c. 111, § 70E. *See* Exhibit ("Ex.") 2, Complaint ("Compl.") ¶¶ 112–122. Plaintiff also brought common law claims for negligence, breach of implied contract, breach of fiduciary duty. *Id.* ¶¶ 123–141.

5.      On December 20, 2024, Sturdy Memorial filed a notice of filing motion to dismiss, notifying the Superior Court that it served Plaintiff with Sturdy Memorial's Motion to Dismiss and related documents. *See* Ex. 13.

6.      On January 24, 2025, instead of responding to Sturdy Memorial's Motion to Dismiss, Plaintiff filed an Amended Complaint. *See generally* Ex. 14, Amended ("Am.") Compl.

7.      The Amended Complaint includes a new claim against Sturdy Memorial for violation of the ECPA, 18 U.S.C. § 2511. *See* Ex. 14, Am. Compl. ¶¶ 138–155.

## BASIS FOR REMOVAL

8.      Sturdy Memorial removes this case pursuant to federal question jurisdiction. 28 U.S.C. § 1441(c). The statute permits the removal of the entire action when the civil action includes "(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute." *Id.* "[T]he entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)." *Id.*

9. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

10. This case is removable to this Court because Plaintiff asserted a claim under a law of the United States, specifically the ECPA, 18 U.S.C. § 2511. *See* Ex. 14 ¶¶ 138–155.

11. Because this matter is an action arising under federal law of which this Court has original jurisdiction, as authorized by 28 U.S.C. § 1331, it is subject to removal under 28 U.S.C. § 1441(c).

12. Accordingly, this action is removable to this Court under 28 U.S.C. § 1441(c) and § 1331.

13. By removing this action, Sturdy Memorial does not waive any defenses available to it.

14. By removing this action, Sturdy Memorial does not admit any of the allegations in Plaintiff's Amended Complaint.

### **PROCEDURAL REQUIREMENTS FOR REMOVAL**

15. Sturdy Memorial likewise satisfies all of the procedural requirements under 28 U.S.C. § 1446.

16. Sturdy Memorial timely removes this case. It is filing this Notice of Removal within thirty (30) days of its receipt of the Amended Complaint by "service." 28 U.S.C. § 1446.

17. Sturdy Memorial files this Notice in the United States District Court of the District of Massachusetts, because the state court in which the action is pending, the Superior Court of the Commonwealth of Massachusetts for the County of Suffolk, is within this federal judicial district. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

18.    Sturdy has attached a copy of "all process, pleadings, orders, and other documents" currently on file in the state court, including Plaintiff's Amended Complaint.

19.    Upon filing this notice, Sturdy Memorial will promptly "give written notice thereof to all adverse parties," and will "file a copy of the notice with the clerk" of the state court.

## CONCLUSION

As set forth above, Plaintiff's Amended Complaint includes a claim against Sturdy Memorial that arises under the laws of the United States. Plaintiff's Amended Complaint is therefore appropriately removable to this Court pursuant to 28 U.S.C. § 1441(c).

**WHEREFORE, Sturdy Memorial respectfully removes this action from the Superior Court of the Commonwealth of Massachusetts for the County of Suffolk and requests that this Court issue such orders and process as may be necessary to preserve its jurisdiction over this matter.**

Dated: February 3, 2025

Respectfully submitted,

*/s/ James H. Rollinson*
James H. Rollinson, Esq. (BBO #649407)
BAKER & HOSTETLER LLP
127 Public Street
Suite 2000
Cleveland, OH 44116
jrollinson@bakerlaw.com
T: (216) 621-0200
F: (216) 626-0740

Paul G. Karlsgodt (pro hac vice to be filed)
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202-2662
pkarlsgodt@bakerlaw.com
T: (303) 764-4013
F: (303) 861-7805

Elizabeth A. Scully (pro hac vice to be filed)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
escully@bakerlaw.com
T: (202) 861-1500
F: (202) 861-1783

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 3, 2025, a copy of the foregoing was served on the following by email at the addresses listed below.

John Roddy
Elizabeth Ryan
BAILEY GLASSER LLP
176 Federal Street, 5th Floor
Boston, MA 02110
jroddy@baileyglasser.com
eryan@baileyglasser.com

Lawrence J. Lederer
Bart D. Cohen
BAILEY GLASSER LLP
1622 Locust St.
Philadelphia, PA 19103
llederer@baileyglasser.com
bcohen@baileyglasser.com

*Attorneys for Plaintiff*

*/s/ James H. Rollinson*
*One of the attorneys for defendant*