**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| DEBORAH CAINE, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>    v.<br><br>STURDY MEMORIAL HOSPITAL, INC.,<br><br>         Defendant. | Case No. 1:25-cv-10261 |

**DEFENDANT STURDY MEMORIAL HOSPITAL, INC.'S
<u>MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

    I.      THE COMPLAINT ................................................................................................ 2

    II.     STANDARD OF REVIEW .................................................................................... 3

    III.    ARGUMENT .......................................................................................................... 4

          A.     Plaintiff's Claims Fail Because No Protected Health Information Was Disclosed ................................................................................................ 4

          B.     Plaintiff Fails to State a Claim for Violation of the ECPA ........................ 5

                1.       Plaintiff Fails to Allege an Unlawful Interception ......................... 5

                2.       Plaintiff Fails to Allege a Criminal or Tortious Purpose ................ 6

                3.       Plaintiff Fails to Allege any Plausible Interception of "Contents" ........................................................................................ 9

          C.     Plaintiff Fails to State a Privacy Claim ...................................................... 10

                 1.       Plaintiff Fails to Plead a Claim for Statutory Invasion of Privacy ............................................................................................ 10

                 2.       Plaintiff Fails to Plead a Claim for Invasion of Privacy Under G.L. c. 111, § 70E ............................................................. 12

          D.     Plaintiff's Negligence Claim Fails for Lack of Duty, Breach, and Damages ...................................................................................................... 14

                 1.       Plaintiff's Negligence Claim Fails for Lack Of Duty, Breach, and Damages ................................................................... 14

                 2.       Plaintiff Fails to Plead Cognizable Damages ............................... 16

          E.     Plaintiff Fails to Allege Mutual Assent and Consideration Necessary for Her Implied Contract Claim ............................................. 17

          F.     Plaintiff Fails to Plead a Fiduciary Relationship Between Sturdy Memorial and Plaintiff with Regards to Her Public Website Browsing Data ........................................................................................... 19

CONCLUSION ................................................................................................................ 20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alberts v. Devine*,
   395 Mass. 59 (1985) ...................................................................................................14

*American Hosp. Ass'n. v. Becerra*,
   No. 4:23-cv-01110-P, 2024 WL 3075865 (N.D. Tex. Jun. 20, 2024) ...................................1, 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................................3

*B.K. v. Eisenhower Medical Center*,
   721 F. Supp. 3d 1056 (C.D. Cal. 2024) ...................................................................................11

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 554 (2007)...................................................................................................4, 11

*Boddie v. Am. Broad. Companies, Inc.*,
   881 F.2d 267 (6th Cir. 1989*)* ...................................................................................8

*Branyan v. Southwest. Airlines Co.*,
   105 F. Supp. 3d 120 (D. Mass. 2015) .................................................................................10, 11

*Brown v. Google LLC*,
   525 F. Supp. 3d 1049 (N.D. Cal. 2021) ...................................................................................6

*Brush v. Miami Beach Healthcare Grp. Ltd.*,
   238 F. Supp. 3d 1359 (S.D. Fla. 2017) ...................................................................................19

*Cape Cod ASC, LLC v. Bentivegna*,
   No. 2008457, 2010 WL 3038824 (Mass. Super. Jul. 1, 2010) ...............................................19

*Caro v. Weintraub*,
   618 F.3d 94 (2d Cir. 2010)...................................................................................................6

*Chin v. Merriot*,
   470 Mass. 527 (2015) ...................................................................................................13

*CinTel Fils, Inc. v. Does 1-1,052*,
   853 F. Supp. 2d 545 (D. Md. 2015)...................................................................................10

*Clark v. Rowe*,
   428 Mass. 339 (1998) ...................................................................................................15

ii

*Conformis, Inc. v. Aetna, Inc.*,
  58 F.4th 517 (1st Cir. 2023)........................................................................................3

*Cook v. GameStop, Inc*.,
  689 F. Supp. 3d 58 (W.D. Pa. 2023)..........................................................................10

*Darviris v. Petros*,
  442 Mass. 274 (2004) ................................................................................................12

*Doe I v. Google, LLC*,
  No. 23-CV-02431-VC, 2024 WL 3490744 (N.D. Ca. Jul. 22, 2024)........................8

*Doe v. Kaiser Found. Health Plan, Inc.*,
  No. 23-CV-02865-EMC, 2024 WL 1589982 (N.D. Cal. Apr. 11, 2024) ..................8

*Doe v. Tenet Healthcare Corp.*,
  731 F. Supp. 3d 142 (D. Mass. 2024) ........................................................................4

*Doe v. Upperline Health, Inc.*,
  No. 1:23-CV-01261-RLY-CSW, 2024 WL 4953503 (S.D. Ind. Sept. 24, 2024)...............5, 17

*Donovan v. Philip Morris USA, Inc.*,
  455 Mass. 215 (2009) ...........................................................................................16, 17

*In re DoubleClick Inc. Priv. Litig.*,
  154 F. Supp. 2d 497 (S.D.N.Y. 2001)......................................................................6, 7

*Gardiner v. Walmart, Inc.*,
  No. 20-CV-04618-JSW, 2021 WL 4992539 (N.D. Cal. Jul. 28, 2021)...................17

*In re Google Cookie Placement*,
  806 F.3d 125 (3rd Cir. 2015) .....................................................................................9

*Gravallese v. Massachusetts Parole Bd.*,
  No. CA 945777, 1995 WL 808813 (Mass. Super. Apr. 19, 1995) ...........................19

*Hammerling v. Google LLC*,
  615 F. Supp. 3d 1069 (N.D. Cal. 2022) ...................................................................11

*Hubbard v. Google LLC*,
  No. 19-CV-07016-SVK, 2024 WL 3302066 (N.D. Cal. Jul. 1, 2024) ....................11

*In re iPhone Application Litig.*,
  844 F. Supp. 2d 1040 (N.D. Cal. 2012) ...................................................................11

*J.R. v. Walgreens Boots Alliance, Inc.*,
  No. 20-1767, 2021 WL 4859603 (4th Cir. Oct. 19, 2021) ......................................18

*Jacome v. Spirit Airlines Inc.*,
No. 2021-000947-CA-01, 2021 WL 3087860 (Fla. Cir. Ct. Jun. 17, 2021)...........................10

*Jordan's Furniture, Inc. v. Carter & Burgess, Inc.*,
No. 16-P-728, 2017 WL 3393465 (Mass. App. 2017)..............................................................15

*Josef Gartner USA LP v. Consigli Const. Co., Inc.*,
No. 10-40072-FDS, 2011 WL 2417137 (D. Mass. Jun. 10, 2011).........................................17

*Juliano v. Simpson*,
461 Mass. 527 (2012) .............................................................................................................14

*K.L. v. Legacy Health*,
No. 3:23-CV-1886-SI, 2024 WL 4794657 (D. Or. Nov. 14, 2024) ...................................4, 15

*Kelley v. CVS Pharmacy, Inc.*,
No. CIV.A. 98-0897-BLS2, 2007 WL 2781163 (Mass. Super. Aug. 24, 2007) .....................20

*Koppel v. Moses*,
No. 20-11479-LTS, 2020 WL 6292871 (D. Mass. Oct. 27, 2020).........................................11

*Korper v. Weinstein*,
57 Mass. App. Ct. 433 (2003)................................................................................................20

*Loffredo v. Center for Addictive Behaviors*,
426 Mass. 541 (1998) .............................................................................................................12

*A.G. ex rel. Maddox v. v. Elsevier, Inc.*,
732 F.3d 77 (1st Cir. 2013)....................................................................................................16

*Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*,
412 F.3d 215 (1st Cir. 2005)..................................................................................................17

*In re Mednax Servs. Customer Data Sec. Breach Litig*,
603 F. Supp. 3d 1183 (S.D. Fla. 2022) .................................................................................18

*Meredith v. Gavin*,
446 F.2d 794 (8th Cir. 1971) ...................................................................................................8

*Morales-Cruz v. Univ. of P.R.*,
676 F.3d 220 (1st Cir. 2012)....................................................................................................3

*Nelson v. Massachusetts Port Auth.*,
55 Mass. App. Ct. 433 (2002)................................................................................................14

*In re Nickelodeon Consumer Priv. Litig.*,
827 F.3d 262 (3d Cir. 2016).....................................................................................................5

*Nienaber v. Overlake Hosp. Med. Ctr.*,
    733 F. Supp. 3d 1072 (W.D. Wash. 2024)....................................................................9

*Okash v. Essentia Health*,
    No. 23-482, 2025 WL 642913 (D. Minn. Feb. 27, 2025)............................................9

*Okash v. Essentia Health*,
    No. 23-482, 2024 WL 1285779 (D. Minn. Mar. 26, 2024) .........................................9

*Portier v. NEO Tech. Sols.*,
    No. 3:17-CV-30111-TSH, 2019 WL 7946103 (D. Mass. Dec. 31, 2019),..................16

*R. M. W. by Wolfe v. Homewood Suites by Hilton Mt. Laurel*,
    No. CV 09-400 (JHR/AMD), 2012 WL 13186031 (D.N.J. Jun. 28, 2012)................13

*Renzulli v. Sullivan*,
    No. 22 MISC 000564, 2024 WL 1903573 (Mass. Land Ct. Apr. 26, 2024) ...............15

*Roe No. 1 v. Children's Hosp. Med. Ctr.*,
    469 Mass. 710 (2014) ................................................................................................14

*Roe v. Amgen Inc.*,
    No. 2:23-CV-07448-MCS-SSC, 2024 WL 2873482 (C.D. Cal. June 5, 2024),.........8

*SEC v. Tambone*,
    597 F.3d 436 (1st Cir. 2010) .......................................................................................4

*Steinberg v. CVS Caremark Corp.*,
    899 F. Supp. 2d 331 (E.D. Pa. 2012) .........................................................................17

*Sun W. Mortg. Co., Inc. v. Matos Flores*,
    No. CV 15-1082 (GAG), 2016 WL 1030074 (D.P.R. Mar. 10, 2016) .......................8

*Sussman v. Am. Broad. Companies, Inc.*,
    186 F.3d 1200 (9th Cir. 1999) .....................................................................................7

*Swartz v. Cartwright*,
    No. 000059, 2002 WL 31379860 (Mass. Super. Jul. 19, 2002) ................................13

*T.D. v. Piedmont HealthCare, Inc.*,
    No. 1:23-CV-5416-TWT, 2024 WL 3972984 (N.D. Ga. Aug. 28, 2024) ..................16

*Thomas v. Pearl*,
    998 F.2d 447 (7th Cir.1993) .........................................................................................7

*Town of Canton v. Comm'r of Massachusetts Highway Dep't*,
    455 Mass. 783 (2010) .................................................................................................13

*United States v. Jiau*,
   734 F.3d 147 (2d Cir. 2013)...................................................................................6

*United States v. Kovolas*,
   No. 96-CR-10265, 1998 WL 452218 (D. Mass. July 27, 1998).................................7

*United States v. McHugh*,
   57 F. Supp. 3d 95 (D. Mass. 2014) .........................................................................6

*Vacca v. Bringham & Women's Hosp., Inc.*,
   156 N.E.3d 800 (Mass. App. Ct. 2020) ..................................................................18

*Webb v. Injured Workers Pharmacy, LLC*,
   No. 22-CV-10797, 2023 WL 5938606 (D. Mass. Sept. 12, 2023) ..........................18

*Weekes v. Cohen Cleary P.C.,*
   723 F. Supp. 3d 97, 104 (D. Mass. 2024) ..............................................................18

*Williams v. TMC Health*,
   No. CV-23-00434-TUC-SHR, 2024 WL 4364150 (D. Ariz. Sept. 30, 2024) .................5, 8, 15

*Wofse v. Horn*,
   523 F. Supp. 3d 122 (D. Mass. 2021) .....................................................................11

*Xinrong Zhuang v. Benvie*,
   No. 14-CV-13076-IT, 2018 WL 10335959 (D. Mass. Feb. 9, 2018) .......................12

*In re Zynga Privacy Litig.*,
   750 F.3d 1098 (9th Cir. 2014) .............................................................................9, 10

**Statutes**

18 U.S.C. § 2510....................................................................................................9

18 U.S.C. § 2511.................................................................................................5, 6

G. L. c. 111, § 70 .............................................................................................12, 13

**INTRODUCTION**

Plaintiff's case is one of many putative class action complaints filed across the country that seek to punish non-profit health care systems for the use of ordinary and ubiquitous website analytics on their public websites. Critically, the complaint does not allege that that *any* of Plaintiff's medical records, treatments, test results, doctor's notes, or substantive communications with her doctors or nurses have ever been disclosed by Sturdy Memorial Hospital, Inc. ("Sturdy Memorial"), because they have not. Instead, the complaint alleges generally that the collection of data regarding Plaintiff's actions on a *public website* somehow amounts to the disclosure of patient health information in violation of the Health Insurance Portability and Accountability Act ("HIPAA") and various state statutes. Plaintiff's allegations have multiple fatal flaws.

First, Plaintiff's complaint consists of nothing more than formulaic recitations of the elements of the asserted causes of action and fails to allege any plausible facts supporting any claim for relief. She fails to provide any individual allegations regarding any medical information she contends was transmitted, or any harm to her as a result of the alleged generic transmissions.

Second, the information that Plaintiff contends was transmitted to Google when she used Sturdy Memorial's public website shows nothing more than the particular page that a user was viewing on a public website and which, as a matter of law, does not contain HIPAA-protected information. Indeed, a federal court recently vacated the Office of Civil Rights ("OCR") Guidance that held that the exact information at issue here—searches on public websites with the transmittal of an IP address—does not constitute individually identifiable health information ("IIHI") that falls within the prohibitions of HIPAA's Privacy Rule. *See American Hosp. Ass'n. v. Becerra*, No. 4:23-cv-01110-P, 2024 WL 3075865 (N.D. Tex. Jun. 20, 2024). As such, Plaintiff's

claims, all of which are conditioned on the purported disclosure of IIHI, fail to be sufficiently pled and thus should be dismissed with prejudice.

## I.    THE COMPLAINT

Defendant Sturdy Memorial is an integrated health system offering medical care at thirty-two (32) locations in Southeastern Massachusetts. *See* Amended Complaint ("Am. Compl.") ¶ 13. Sturdy Memorial has a public website, www.sturdyhealth.org, that allows anyone, patients and non-patients alike, to search its website for information regarding Sturdy Memorial's services, physicians, and clinic locations. *See id.* ¶¶ 41–43. Sturdy Memorial also has a secure patient portal that users can access after entering log-in credentials. *See id.* ¶¶ 44, 66. Critically, Plaintiff makes no allegations that any analytics software operated within Sturdy Memorial's patient portal or that she herself ever used the patient portal. *See id.* ¶¶ 66–67 (alleging only that analytics were deployed on the website that navigate a user "to the patient portal," not that the analytics were actually present within the portal itself). Plaintiff makes conclusory allegations that information transmitted regarding a user's browsing on Sturdy Memorial's *public* webpage amounts to the transmission of personal health information ("PHI") and individually identifiably health information ("IIHI") to Google. *See e.g.*, *id.* ¶¶ 2, 3, 5, 8.

The allegations regarding Plaintiff herself are limited to the fact that she was a Sturdy Memorial patient from the 1990s through July 2023. Plaintiff does not allege any specific facts regarding any actual information of hers that she contends has been transmitted to Google. Plaintiff, instead, relies on generic allegations that she used the website to search for "medical information," locate doctors, and search for information "pertinent to her." *Id.* ¶¶ 22–24. Notably, Plaintiff does not plead that any specific substantive communications with any of her health care providers, or any medical records or test results, were ever transmitted to Google— because they were not. Plaintiff also makes conclusory allegations relating to purported harm,

2

including generic allegations that she has or will suffer damages, including "monetary damages, exposure to advertisements, use of [her] PHI and IIHI for advertising, increased risk of future harm, and emotional distress." *See id.* ¶¶ 153, 169, 170, 189, 194. She pleads no facts to support these allegations.

Relying on these threadbare allegations, Plaintiff asserts five causes of action against Sturdy Memorial for (1) violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510; (2) violation of privacy statutes G.L. c. 214, § 1B and c. 111, § 70E; (3) negligence; (4) breach of implied contract; and (5) breach of fiduciary duty. Plaintiff also seeks to represent a putative class of all Massachusetts residents who "are or were patients of Sturdy at any time after the date Sturdy initially installed Google Analytics on its website," and who "exchanged communications at Sturdy's website… for which Sturdy did not obtain the patient's consent…." *Id.* ¶ 125. Plaintiff's claims are insufficiently pled and thus all fail as a matter of law.

## II.   STANDARD OF REVIEW

Sturdy Memorial moves to dismiss this Amended Complaint for a failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss, the complaint must be both "plausible on its face" and suggest "more than a sheer possibility that a defendant has acted unlawfully." *Conformis, Inc. v. Aetna, Inc.*, 58 F.4th 517, 528 (1st Cir. 2023) (citations omitted). "To implement the plausibility standard, an inquiring court first must separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere

conjecture, the complaint is open to dismissal." *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

## III.    ARGUMENT

### A.    Plaintiff's Claims Fail Because No Protected Health Information Was Disclosed.

Plaintiff's claims all rest on the fundamentally flawed assumption that the information allegedly disclosed to third parties is protected health information under HIPAA. Am. Compl. ¶ 2. However, the *Becerra* Court explained that an individual's browsing of a public website fails as a matter of law to relate to the health or condition of an individual under the HIPAA Privacy Rule. The court found that information that is merely "indicative" of PHI, such as browsing activity on a healthcare public website, is not sufficient to meet the definition of IIHI. *See Becerra*, 2024 WL 3075865, at *12.

The court explained that without knowing the subjective intent of the user for their visit to the public website, which could include searching regarding their own condition, a family member's condition, for a book report, for litigation, or for entirely other reasons, the metadata resulting from that visit "could never identify that individual's PHI. Simply put, **Identity** (Person A) + **Query** (Condition B) ≠ **IIHI** (Person A has Condition B)." *Id.* at *14 (emphasis in original). Other courts have similarly found that data related to a user browsing a health care entities' public website does not reveal medical information protected under HIPAA.[1] *See K.L. v. Legacy*

---

[1] Sturdy Memorial recognizes that the court in *Doe v. Tenet Healthcare Corp.* ("*Tenet*"*)*, allowed similar claims for negligence and invasion of privacy to survive a motion to dismiss. 731 F. Supp. 3d 142, 152 (D. Mass. 2024). However, the court did not substantively assess the Massachusetts Wiretap Act claim and did not assess an ECPA claim as it was not brought in that case. Furthermore, the *Tenet* decision predated the *Becerra* decision that found, as a matter of law, public browsing data is *not* protected health information under HIPAA. Numerous federal courts agree with *Becerra* on this point, as cited above. Sturdy Memorial submits that the *Becerra* decision more appropriately contextualizes the information at issue in this case and warrants dismissal of all Plaintiff's claims.

*Health*, No. 3:23-CV-1886-SI, 2024 WL 4794657, at *4 (D. Or. Nov. 14, 2024) (finding "generic search queries" created during public website browsing are not PHI); *Williams v. TMC Health*, No. CV-23-00434-TUC-SHR, 2024 WL 4364150, at *4 (D. Ariz. Sept. 30, 2024) (finding data collection regarding searches on a health care website or patient portal clicks "do[] not *necessarily* implicate HIPAA.") (emphasis in original); *Doe v. Upperline Health, Inc.*, No. 1:23-CV-01261-RLY-CSW, 2024 WL 4953503, at *3 (S.D. Ind. Sept. 24, 2024) ("There is nothing about that browsing activity that relates specifically to *her* health or relationship with [the healthcare entity].") (emphasis in original). Plaintiff's allegations amount to nothing more than this precise scenario: a user browsing Sturdy Memorial's public website, which by itself reveals nothing regarding the user's personal medical information. Therefore, *Becerra* and other courts' findings that the information at issue does not qualify as IIHI proves fatal for all of Plaintiff's causes of action.

**B.      Plaintiff Fails to State a Claim for Violation of the ECPA**.

To state a claim under the ECPA, a plaintiff must plead facts showing that a defendant "(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device." *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 274 (3d Cir. 2016) (citations omitted). Plaintiff cannot satisfy either the first, second, or third elements of her ECPA claim.

**1.      Plaintiff Fails to Allege an Unlawful Interception**.

The ECPA is a one-party consent statute. *See* 18 U.S.C. § 2511(2)(d) (The ECPA does not make it unlawful for someone to "intercept … electronic communication where such person is a party to the communication."). A party to a communication cannot "intercept" a communication directed to it and cannot be held liable for "eavesdropping" upon itself. *In re Nickelodeon*, 827 F.3d at 275 (dismissing ECPA claim because defendant "was either a party to all communications

with the Plaintiff's computers or was permitted to communicate with the Plaintiff's computers by… a party to all such communications."). Plaintiff admits Sturdy Memorial is a party to the communications. *See* Am. Compl. ¶ 150 ("…[A]lthough Sturdy is a 'party to the communications at issue'…."). Sturdy Memorial was the intended recipient of all of the Plaintiff's alleged communications, and therefore is exempt from liability.

### 2.    Plaintiff Fails to Allege a Criminal or Tortious Purpose.

Plaintiff attempts to overcome this fatal fact by alleging that the crime-tort exception to the party rule applies. Plaintiff has failed to allege sufficient facts to demonstrate that the crime-tort exception—which must be narrowly construed—applies here. *United States v. McHugh*, 57 F. Supp. 3d 95, 100 (D. Mass. 2014) (quoting *United States v. Jiau*, 734 F.3d 147, 152 (2d Cir. 2013)) (The crime-tort exception is "'to be construed narrowly.'").

To invoke the crime-tort exception, Plaintiff must plausibly allege that Sturdy Memorial: (i) *intended* to commit an (ii) *independent* crime or tort (iii) *at the time* of the alleged interception. *Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010); 18 U.S.C. § 2511(2)(d).

As this Court has held "[a]n impermissible purpose" under the ECPA is "confined to situations where the recording party intended to harm the recorded party, either through blackmail, threats or public embarrassment." *See United States v. McHugh*, 57 F. Supp. 3d 95, 100 (D. Mass. 2014); *see also Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1067 (N.D. Cal. 2021) (to invoke the crime-tort exception, plaintiff must allege that either the "***primary motivation*** or a ***determining factor*** in [the defendant's] actions has been to injure plaintiffs tortiously.") (quotation and citation omitted) (emphasis added).

Plaintiff must allege facts that Sturdy Memorial's *purpose* in deploying the technology was to violate Plaintiff's alleged rights, not just that the actions taken happened to be illegal. *See In re DoubleClick Inc. Priv. Litig.*, 154 F. Supp. 2d 497, 519 (S.D.N.Y. 2001) ("[A] culpable

mind does not accompany every tortious act."); *Sussman v. Am. Broad. Companies, Inc.*, 186 F.3d 1200, 1202 (9th Cir. 1999) ("[T]he focus is not upon whether the interception itself violated another law; it is upon whether the *purpose* for the interception-its intended use-was criminal or tortious.") (emphasis in original).

Here, Plaintiff has alleged no facts that Sturdy Memorial—a nonprofit health care system—had the purpose to utilize Google Analytics on its public website to harm or injure Plaintiff or any other user of its website. Rather, Plaintiff alleges that Sturdy Memorial's purpose in deploying Google Analytics was to obtain marketing and analytics benefits—not to harm Plaintiff. Am. Compl ¶¶ 34; 151. Plaintiff contends that the use of Google Analytics violated HIPAA and Plaintiff's privacy rights, which Sturdy Memorial disputes. However, alleging that Sturdy Memorial's use of Google Analytics constituted a crime or tort, is not the same as alleging that Sturdy Memorial had an illegal or tortious purpose when it deployed Google Analytics on its public website. *See United States v. Kovolas,* No. 96-CR-10265, 1998 WL 452218, at *4 (D. Mass. July 27, 1998) ("Kovolas argues that because the recording itself was made in violation of state law, it was made for the purpose of violating state law. The superficial logic of this argument has been rejected by at least one court [citation omitted] ... if state law were to render tortious conduct as defined by the very act of recording that Congress sought to permit, the provisions of § 2511(d) would be rendered meaningless."); *see also Thomas v. Pearl,* 998 F.2d 447, 451 (7th Cir.1993) (in civil suit between basketball player and coach, Seventh Circuit held that "[Plaintiff] must show that [defendant] either intended to break the law or commit a tort against him in order to prove a violation of the federal statute."); *In re DoubleClick*, 154 F. Supp. 2d at 518 (finding "plaintiffs clearly allege that DoubleClick has committed a number of torts" but "nowhere have they alleged that DoubleClick's primary

7

motivation or a determining factor in its actions has been to injure plaintiffs tortiously")
(quotations omitted); *Meredith v. Gavin*, 446 F.2d 794, 799 (8th Cir. 1971) ("[I]t seems apparent
from the context in which the statute was enacted that the sort of conduct contemplated was an
interception by a party to a conversation with an intent to use that interception against the non-
consenting party in some harmful way . . ."); *Boddie v. Am. Broad. Companies, Inc.*, 881 F.2d
267, 270 (6th Cir. 1989*)* ("[I]t is the *use* of the interception with intent to harm rather than the
fact of interception that is critical to liability") (emphasis in original, citation omitted).

Moreover, even if Sturdy Memorial's motive for utilizing the technology was for profit,
which it was not, financial motives are not sufficient to prove an intent to tortiously injure
Plaintiff or commit a crime. *TMC Health*, 2024 WL 4364150, at *5 (rejecting crime tort
exception where complaint alleged health care entity used technology for website analytics and
to increase profits through targeted advertising); *Roe v. Amgen Inc.*, No. 2:23-CV-07448-MCS-
SSC, 2024 WL 2873482, at *6 (C.D. Cal. June 5, 2024), *reconsideration denied sub nom. Doe v.
Amgen, Inc.*, No. 2:23-CV-07448-MCS-SSC, 2024 WL 3811251 (C.D. Cal. Aug. 13, 2024)
(same); *Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-CV-02865-EMC, 2024 WL 1589982, at
*10 (N.D. Cal. Apr. 11, 2024) (finding the "apparent purpose" of hospital system collecting
information via third party software was "for market research and consumer analysis solely for
the benefit of [the hospital] in better reaching and serving its patients."); *Doe I v. Google, LLC*,
No. 23-CV-02431-VC, 2024 WL 3490744, at *11 n. 4 (N.D. Ca. Jul. 22, 2024) (dismissing
ECPA claim because Google's purpose in offering its advertising and analytics products "has
plainly not been to perpetuate torts on millions of Internet users, but to make money") (collecting
cases); *see also Sun W. Mortg. Co., Inc. v. Matos Flores*, No. CV 15-1082 (GAG), 2016 WL
1030074, at *5 (D.P.R. Mar. 10, 2016) ("Allegations that [Defendant] 'intercepted the

confidential information with a tortious intent' and that he 'intends to benefit economically from the confidential information he intercepted' are insufficient to satisfy the pleading requirements.").

Plaintiff's allegation that the interception and purported disclosure of data to Google occurs simultaneously, also makes the crime-tort exception inapplicable since to invoke the exception "a plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the purpose of a tortious or criminal act that is *independent* of the intentional act of recording." *In re Google Cookie Placement*, 806 F.3d 125, 145 (3rd Cir. 2015) (emphasis in original, citation omitted); *see also Okash v. Essentia Health*, No. 23-482, 2024 WL 1285779, at *4 (D. Minn. Mar. 26, 2024) (holding that because "neither the alleged HIPAA nor privacy violations were independent of the interception, the crime-tort exception does not apply") and 2025 WL 642913, *3-4 (D. Minn. Feb. 27, 2025) (same); *Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F. Supp. 3d 1072, 1095 (W.D. Wash. 2024) (crime-tort exception did not apply because "Plaintiff points to no legal authority providing that the exception to § 2551(2)(d) is triggered when, as here, the tortious conduct is the alleged wiretapping itself.").

Based on Plaintiff's allegations, the crime-tort exception is inapplicable.

### 3.    Plaintiff Fails to Allege Any Plausible Interception of "Contents".

Plaintiff's ECPA claim further fails because Plaintiff has not pled facts showing that the "contents" of any communications were disclosed to third parties—the third element of her claim. Under the ECPA, the "contents" of a communication are defined as "any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8). Courts in assessing ECPA claims distinguish between substantive "content" of a communication and mere "record" information. *See In re Google Cookie Placement*, 806 F.3d at 135–39 (addressing the distinctions between content and routing/record information); *see also In re*

9

*Zynga Privacy Litig.,* 750 F.3d 1098, 1106–07 (9th Cir. 2014) (in the ECPA "the term 'contents' refers to the intended message conveyed by the communication, and does not include record information regarding the characteristics of the message that is generated in the course of the communication" such as a name, address, or the identity of a subscriber or customer); *see also CinTel Fils, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 555, n. 5 (D. Md. 2015); *Jacome v. Spirit Airlines Inc.*, No. 2021-000947-CA-01, 2021 WL 3087860, at *4 (Fla. Cir. Ct. Jun. 17, 2021).

The type of data Plaintiff alleges was transmitted when she used the Sturdy Memorial public website does not reflect the substantive content of any intended communication by Plaintiff—it just shows mere record information such as pages viewed on a public website. *See* Am. Compl. ¶¶ 57, 59, 61, 65, 67, 69; *see Cook v. GameStop, Inc*., 689 F. Supp. 3d 58, 70 (W.D. Pa. 2023) ("Navigating through a website's multiple pages is not the substance of a communication; it's an action taken to go to a digital location … Any 'substance' that can flow from these movements must be inferred from the observer, and are therefore not communicative."); *see also Zynga,* 750 F.3d at 1107 (a URL could disclose that a person viewed the "page of a gay support group," yet the court still held that such URLs "function[] like an 'address,'" not "contents" of a communication).

### C.      Plaintiff Fails to State a Privacy Claim.

Plaintiff fails to plausibly allege violations of two Massachusetts privacy statutes: (1) a violation of G.L. c. 214, §1B and (2) a violation of G.L. c. 111, § 70 E.

### 1.      Plaintiff Fails to Plead a Claim for Statutory Invasion of Privacy.

G.L. c. 214, § 1B, provides that "[a] person shall have a right against unreasonable, substantial or serious interference with his privacy." Whether based on intrusion upon seclusion or public disclosure of private facts, "a plaintiff must prove that there was 1) a gathering and dissemination of facts of a private nature that 2) resulted in an unreasonable, substantial or

serious interference with his privacy." *Branyan v. Southwest. Airlines Co.*, 105 F. Supp. 3d 120, 126 (D. Mass. 2015). The disclosed facts must be "of a highly personal or intimate nature" and the invasion must be "both unreasonable and substantial or serious." *Id.* (citations omitted); *Wofse v. Horn*, 523 F. Supp. 3d 122, 137 (D. Mass. 2021) (citation omitted).

Here, the Complaint is devoid of any factual allegations regarding what information of the Plaintiff's was allegedly disclosed to Google. Plaintiff, instead, relies on generic allegations that she used the website to search for "medical information," to locate doctors, and to search for information "pertinent to her." Am. Compl. ¶¶ 22–24. Plaintiff fails to identify *any* particular communications of hers that she claims were disclosed, and therefore does not allege facts sufficient to plausibly allege above a speculative level that any facts of a "highly personal or intimate nature" were disclosed. *Twombly*, 550 U.S. at 545.

Furthermore, mere public browsing data is not information that is "highly personal or intimate in nature." Allegations regarding analytics technologies collecting public website user data is so ubiquitous that Courts have found that "*a reasonable user should expect as much.*" *See Hubbard v. Google LLC*, No. 19-CV-07016-SVK, 2024 WL 3302066, at *7 (N.D. Cal. Jul. 1, 2024) (emphasis in original); *B.K. v. Eisenhower Medical Center*, 721 F. Supp. 3d 1056, 1067 (C.D. Cal. 2024) (dismissing privacy claims because disclosure of "routine medical searches and inquiries" was not "highly offensive"); *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1090 (N.D. Cal. 2022) (explaining "data collection and disclosure to third parties is not a 'highly offensive' intrusion of privacy.") (collecting cases); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (finding disclosure of unique device identifier number, personal data, and geolocation information "does not constitute an egregious breach of social norms.") (citations omitted); *Koppel v. Moses*, No. 20-11479-LTS, 2020 WL 6292871, at **8–9 (D. Mass.

11

Oct. 27, 2020) (dismissing invasion of privacy claim where plaintiff had "not alleged the disclosure of any private facts").

Plaintiff fails to allege the disclosure of any highly personal or intimate private facts; therefore, her privacy claim should be dismissed.

### 2. Plaintiff Fails to Plead a Claim for Invasion of Privacy Under G.L. c. 111, § 70E.

G.L. c. 111, § 70E is known as the Massachusetts "Patients' Bill of Rights." *Darviris v. Petros*, 442 Mass. 274, 275 (2004). It provides that every patient or resident of a Massachusetts health care facility shall have the right "to confidentiality of all records and communications to the extent provided by law." G.L. c. 111, § 70E(b). This cause of action fails for two reasons: (1) there is no private cause of action under the statute; and (2) the browsing history data involved in this case are not medical records protected under the statute.

First, the statute does not provide a private cause of action but instead requires all causes of actions under it to be brought as a medical malpractice claim. Massachusetts courts are "reluctant to infer a private cause of action from a statute in the absence of some indication from the Legislature supporting such an inference." *Loffredo v. Center for Addictive Behaviors*, 426 Mass. 541, 544 (1998). The Massachusetts legislature was clear that causes of action under the Patients' Bill of Rights be brought as medical malpractice claims. The statute provides that, "[a]ny person whose rights under this section are violated may bring, in addition to any other action allowed by law or regulation, a civil action under sections sixty B to sixty E, inclusive, of chapter two hundred and thirty-one." G. L. c. 111, § 70E. In turn, G.L. c. 231, §§ 60B–60E contain provisions regarding medical malpractice claims. This means that "any claim for violation of the Massachusetts Patients' Bill of Rights is to be brought as a medical malpractice claim." *See Xinrong Zhuang v. Benvie*, No. 14-CV-13076-IT, 2018 WL 10335959, at *5

(D. Mass. Feb. 9, 2018). Because there is no private cause of action under the statute other than for medical malpractice claims, Plaintiff's claim must be dismissed.

Second, the statute does not protect the public browsing history data at issue. G.L. c. 111, § 70E(b) provides that every patient or resident of a Massachusetts health care facility shall have the right "to confidentiality of all records and communications to the extent provided by law." Plaintiff fails to allege that any of her communications with doctors were ever disclosed or that any of her medical records, the only kinds of records protected by the Act, were disclosed. The statute explains that confidentiality is afforded to "***records relating to diagnosis, treatment, or other services provided to any person*** …." G. L. c. 111, § 70E (emphasis added). Similarly, in the same chapter, a section regarding hospital record retention provides that hospitals "shall keep ***records of the treatment of the cases under their care including the medical history and nurses' notes***…." G. L. c. 111, § 70 (emphasis added). These provisions show that confidentiality is only afforded to medical records regarding a patient's actual diagnosis, treatment, or medical history, none of which are alleged to be disclosed in this case. *Chin v. Merriot*, 470 Mass. 527, 537 (2015) ("Where possible, we seek to harmonize the provisions of a statute with related provisions that are part of the same statutory scheme 'so as to give full effect to the expressed intent of the Legislature.'") (citation omitted); *Town of Canton v. Comm'r of Massachusetts Highway Dep't*, 455 Mass. 783, 791 (2010) ("We construe statutes that relate to the same subject matter as a harmonious whole and avoid absurd results.") (citations omitted).

Courts have similarly understood the term "records" to refer specifically to medical records. *See Swartz v. Cartwright*, No. 000059, 2002 WL 31379860, at *1 (Mass. Super. Jul. 19, 2002) ("G.L. c. 111, § 70E is not a blanket prohibition against disclosure of ***medical records*** but rather limits disclosure 'to the extent permitted by law ….'") (emphasis added); *R. M. W. by*

*Wolfe v. Homewood Suites by Hilton Mt. Laurel*, No. CV 09-400 (JHR/AMD), 2012 WL 13186031, at \*11 (D.N.J. Jun. 28, 2012) ("Massachusetts does *not* recognize a physician-patient privilege … but does hold that ***medical records*** are confidential.") (emphasis added, citations omitted); *Alberts v. Devine*, 395 Mass. 59, 67 (1985) ("In Massachusetts, the Legislature has demonstrated its recognition of a policy favoring confidentiality of ***medical facts*** by enacting G.L. c. 111, §§ 70 and 70E, to limit the availability of hospital records.") (emphasis added).

Plaintiff does not plausibly allege that any of her medical records were disclosed in this case. Therefore, Plaintiff's claim for a violation of G.L. c. 111, § 70E should be dismissed.

> **D. Plaintiff's Negligence Claim Fails for Lack of Duty, Breach, and Damages**.

In order to state a viable claim for negligence under Massachusetts law, Plaintiff must allege facts establishing: "(1) a legal duty owed by defendant to plaintiff; (2) a breach of that duty; (3) proximate or legal cause; and (4) actual damage or injury." *Nelson v. Massachusetts Port Auth.*, 55 Mass. App. Ct. 433, 435 (2002) (citation omitted).

> **1. Plaintiff's Negligence Claim Fails for Lack of Duty, Breach, and Damages**.

The purported source of Sturdy Memorial's alleged duty to protect Plaintiff's browsing data on a public website is unclear. To the extent Plaintiff alleges that Sturdy Memorial's duty originates from statute, whether it be created by HIPAA, Massachusetts privacy statutes, or any other statute, Plaintiff's claim must be dismissed because Massachusetts does not recognize negligence per se causes of action. *See Roe No. 1 v. Children's Hosp. Med. Ctr.*, 469 Mass. 710, 719 (2014) ("As an initial matter, and as the judge correctly noted, the mere existence of a statute or regulation does not automatically give rise to a legal duty for the purpose of a negligence action.") (citation omitted); *see also Juliano v. Simpson*, 461 Mass. 527, 532 (2012).

14

To the extent Plaintiff alleges that Sturdy Memorial's duty originates from a fiduciary duty owed by Sturdy Memorial, Plaintiff's negligence claim is duplicative of her fiduciary duty claim and should be dismissed. *See Clark v. Rowe*, 428 Mass. 339, 345 (1998) (dismissing breach of fiduciary duty claim as duplicative of a malpractice claim); *Jordan's Furniture, Inc. v. Carter & Burgess, Inc.*, No. 16-P-728, 2017 WL 3393465, at *3 (Mass. App. 2017) (finding no error in trial judge dismissing contract claims as duplicative of negligence claim because they were all "based on the same core facts."); *Renzulli v. Sullivan*, No. 22 MISC 000564 (KTS), 2024 WL 1903573, at *10 (Mass. Land Ct. Apr. 26, 2024) (instructing plaintiff not to plead a negligence counterclaim because it was "duplicative of the breach of fiduciary duty claim[.]"). Even if it was not duplicative, it would fail for the reasons stated in § III.F.

Moreover, Plaintiff does not plausibly allege the breach of any duty. Plaintiff alleges the breached duty at issue is "a duty to exercise reasonable care in handling and using Plaintiff's and Class Members' PHI and IIHI in its care and custody[.]" *See* Am. Compl. ¶¶ 123, 164. PHI and IIHI are terms of art defined by HIPAA, and as explained *infra* in § III.A, the public browsing data at issue does not satisfy the statutory definitions of those terms of art. Therefore, Plaintiff failed to allege facts showing any plausible breach of a duty to protect PHI and IIHI. *See TMC Health*, 2024 WL 4364150, at *7 (dismissing negligence claim because health care entity owed no duty to protect the browsing history of its website visitors from being shared; holding that to interpret, otherwise, "would stretch HIPAA and federal guidance implementing HIPAA to an extent completely divorced from the text."); *see Legacy Health*, 2024 WL 4794657 (dismissing plaintiff's negligence claim regarding the public website, under Oregon law, finding that the plaintiff only sufficiently pled that defendant owed plaintiff a duty with regards to her PHI, which it noted earlier did not include the public website browsing activity at issue).

15

### 2.    **Plaintiff Fails to Plead Cognizable Damages**.

Plaintiff's negligence claim also fails because she fails to plead any facts to show how she was actually harmed by the alleged conduct. Plaintiff's complaint includes multiple conclusory allegations of damages including unspecified "monetary damages," "exposure to inappropriate advertisements," "increased risk of future harm, embarrassment, and emotional distress," "unauthorized access to [] PII and IIHI by third parties," "improper disclosure of [] PII and IIHI," and "loss in the value of [] PII and IIHI." *See* Am. Compl. ¶¶ 169–70. Plaintiff must show actual loss as a necessary element of a negligence claim; vague and generic claims alleging violation of property rights are insufficient. *See Portier v. NEO Tech. Sols.*, No. 3:17-CV-30111-TSH, 2019 WL 7946103, at *15 (D. Mass. Dec. 31, 2019), *report and recommendation adopted*, No. 3:17-CV-30111, 2020 WL 877035 (D. Mass. Jan. 30, 2020) (citation omitted). Further, nominal damages are not recoverable under a negligence claim. *See Donovan v. Philip Morris USA, Inc.*, 455 Mass. 215, 222 (2009) ("[T]here can be no invasion of the rights of another unless legal damage is caused, and for that reason nominal damages cannot be recovered.").

Other than creating a list of alleged damages, Plaintiff provides no factual allegations supporting these proposed damages, and her conclusory assertions should be disregarded. *See A.G. ex rel. Maddox v. v. Elsevier, Inc.*, 732 F.3d 77, 81 (1st Cir. 2013) ("When allegations, though disguised as factual, are so threadbare that they omit any meaningful factual content, we will treat them as what they are: naked conclusions.") (citations omitted). Indeed, in assessing similar allegations many courts have found that plaintiffs have no actionable damages for browsing history information that may be transmitted when searching a health care entity's public website or clicking a button to log in to a patient portal. *See T.D. v. Piedmont HealthCare, Inc.*, No. 1:23-CV-5416-TWT, 2024 WL 3972984, at **3–4 (N.D. Ga. Aug. 28, 2024) ("This is not a case where Plaintiff's personal information was stolen by criminal hackers with malicious

16

intent… The better view from other courts around the country is that these types of damage claims are not actionable."); *Upperline Health, Inc.*, 2024 WL 4953503, at *3 (searches on public website are not PHI and "Plaintiff does not explain how clicking on a 'patient portal' in the navigation bar involves the use of Private Information."); *Steinberg v. CVS Caremark Corp.*, 899 F. Supp. 2d 331, 339–40 (E.D. Pa. 2012) (Plaintiff "cannot sustain a finding of injury without a specific showing that the plaintiff has sustained a resulting loss.") (collecting cases).

Finally, any allegations regarding merely the risk of future harm are insufficient as a matter of law. *Donovan*, 455 Mass. at 223 ("A plaintiff is entitled to compensation for all damages that reasonably are to be expected to follow, but not to those that possibly may follow.") (citation omitted). Courts have also rejected loss of diminution of value of personal information damages theories where, like here, the plaintiff fails to allege "the existence of a market for the personal information and an impairment of the ability to participate in that market." *Gardiner v. Walmart, Inc.*, No. 20-CV-04618-JSW, 2021 WL 4992539, at *3 (N.D. Cal. Jul. 28, 2021).

### E. Plaintiff Fails to Allege Mutual Assent and Consideration Necessary for Her Implied Contract Claim.

Under Massachusetts law, breach of contract and breach of implied contract claims largely have the same elements. *Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 230 (1st Cir. 2005). A valid contract requires offer, acceptance, and consideration. *Josef Gartner USA LP v. Consigli Const. Co., Inc.*, No. 10-40072-FDS, 2011 WL 2417137, at *4 (D. Mass. Jun. 10, 2011) (citations omitted). If the parties do not agree on the essential elements of the contract, there can be no contract. *Id.* (affirming dismissal of implied contract claim for a "failure to reach agreement on the basic terms of the contract.").

Plaintiff alleges she was required to disclose her "PHI/IIHI" to Sturdy Memorial "as part of the physician-patient relationship," and as a result she and Sturdy Memorial had an implied

contract for the protection said information. *See* Am. Compl. ¶¶ 173–74. As explained *supra* § III.A, the information at issue is not protected by HIPAA, not shared within the context of the provision of medical care, and is merely browsing information. There is no requirement that anyone use Sturdy Memorial's public website as a condition of receiving healthcare services.

Plaintiff fails to plead any facts showing that Sturdy Memorial assented to the protection of Plaintiff's public website browsing data. Contract formation "requires a bargain in which there is manifestation of mutual assent to the exchange." *Vacca v. Bringham & Women's Hosp., Inc.*, 156 N.E.3d 800, 806 (Mass. App. Ct. 2020) (internal citations and quotations omitted). There is a lack of mutual assent where the parties do not discuss the need to safeguard information. *See Weekes v. Cohen Cleary P.C.*, 723 F. Supp. 3d 97, 104 (D. Mass. 2024) (dismissing breach of implied contract claim where no allegations that parties "discussed the manner of safeguarding the PII or PHI or that plaintiff had a particular concern about disclosing that information."). Plaintiff does not allege that Sturdy Memorial agreed to protect Plaintiff's public browsing data, and mere belief by the Plaintiff is insufficient as a matter of law to create a binding contract. *See Webb v. Injured Workers Pharmacy, LLC*, No. 22-CV-10797, 2023 WL 5938606, at *3 (D. Mass. Sept. 12, 2023) (finding plaintiff's good faith belief that their PII would be protected as insufficient because there was "no allegation that [Defendant] agreed – explicitly or implicitly – to provide such protection."); *In re Mednax Servs. Customer Data Sec. Breach Litig,* 603 F. Supp. 3d 1183, 1221 (S.D. Fla. 2022) (dismissing claim where "plaintiffs allege[d] no invitation or solicitation by Defendants indicating that Defendants implicitly assented to secure their PHI and PII in exchange for remuneration"); *J.R. v. Walgreens Boots Alliance, Inc.*, No. 20-1767, 2021 WL 4859603, at *5 (4th Cir. Oct. 19, 2021). As such, Plaintiff fails to plead facts sufficient to show assent by Sturdy Memorial to protect her public browsing data.

Plaintiff also fails to plead the existence of any consideration. A purported promise for Sturdy Memorial to protect PHI/IIHI is not valid consideration given that it is a pre-existing legal obligation under HIPAA. *See Gravallese v. Massachusetts Parole Bd.*, No. CA 945777, 1995 WL 808813, at *2 (Mass. Super. Apr. 19, 1995) (a promise to perform a pre-existing duty is not valid consideration); *Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1367 (S.D. Fla. 2017) ("Because the Defendants are required by law to adhere to HIPAA without receiving any consideration from the Plaintiff [], these provisions cannot create contractual obligations.").

### F.       Plaintiff Fails to Plead a Fiduciary Relationship Between Sturdy Memorial and Plaintiff with Regards to Her Public Website Browsing Data.

Plaintiff fails to plausibly allege the existence of a fiduciary relationship between herself and Sturdy Memorial with regards to her browsing the public website. The elements of a breach of fiduciary duty claim include: (1) existence of a fiduciary duty based upon the relationship of the parties; (2) breach of the fiduciary duty; (3) damages; and (4) a causal connection between breach of fiduciary duty and damages. *Cape Cod ASC, LLC v. Bentivegna*, No. 2008457, 2010 WL 3038824, at *3 (Mass. Super. Jul. 1, 2010) (citation omitted). However, fiduciary relationships have boundaries. The central tenet of a fiduciary relationship is the "duty on the part of the fiduciary to act for the benefit of the other party to the relation as to matters *within the scope of the relation*." 1 A.W. Scott & W.F. Fratcher, TRUSTS § 2.4 (4th ed. 1987) (emphasis added); *see* RESTATEMENT (SECOND) OF TRUSTS § 2 comment b (1959) (same).

Plaintiff alleges that the fiduciary relationship between her and Sturdy Memorial is a physician/patient relationship. *See* Am. Compl. ¶ 194. Accepting that allegation as true, Massachusetts courts have recognized limits to such fiduciary relationships. Fiduciaries are only held to a higher standard "as to matters within the scope of the fiduciary relationship," and even in a physician-patient relationship, "the scope of the fiduciary duty is defined by the incidents

19

and undertakings of the defendant *as a physician*." *Korper v. Weinstein,* 57 Mass. App. Ct. 433, 437–38 (2003) (emphasis added). The *Korper* court found that a plaintiff's complaints against her doctor based on their romantic relationship, instead of his provision of physician services to her as a patient, were outside the scope of their fiduciary relationship. *Id.* at 436–38. The court "decline[d] the plaintiff's invitation to expand the scope of the fiduciary duty a doctor owes a patient to include conduct beyond the context of medical treatment[.]" *Id.* at 438 n. 11.

As in *Korper*, the context of the Plaintiff's relationship with Sturdy Memorial when she used the public website is outside the scope of the alleged physician/patient fiduciary relationship. Public website browsing history data are not medical records and do not contain IIHI as protected by HIPAA. *See supra* §III.A. There is no physician providing medical advice or treatment—it is an informational public website that the Plaintiff is browsing. The disclosure of data such as names, addresses, dates of birth and the mere fact that a patient has been prescribed medication is not "so private, standing alone, as to constitute a breach of a . . . duty of confidentiality" to a healthcare customer. *See Kelley v. CVS Pharmacy, Inc.*, No. CIV.A. 98-0897-BLS2, 2007 WL 2781163, at *6 (Mass. Super. Aug. 24, 2007). Both patients and non-patients alike may browse the public website. As such, it would be inconsistent to afford higher fiduciary duty protections to some visitors to the public website—namely patients—and not other members of the public when Sturdy Memorial does not know who any of the browsers to its public website are nor the context for their visit to the website. Plaintiff's allegations fall outside the scope of any alleged patient/physician relationship, and Plaintiff failed to plausibly allege the breach of a fiduciary relationship between her and Sturdy Memorial.

## **CONCLUSION**

For the foregoing reasons, Sturdy Memorial respectfully asks the Court to dismiss the Amended Complaint with prejudice.

Dated: March 14, 2025                    Respectfully submitted,

*/s/ James H. Rollinson*

James H. Rollinson (BBO #649407)
BAKER & HOSTETLER LLP
127 Public Street
Suite 2000
Cleveland, OH 44116
jrollinson@bakerlaw.com
T: (216) 621-0200
F: (216) 626-0740

Paul G. Karlsgodt (pro hac vice to be filed)
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202-2662
pkarlsgodt@bakerlaw.com
T: (303) 764-4013
F: (303) 861-7805

Elizabeth A. Scully (pro hac vice to be filed)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
escully@bakerlaw.com
T: (202) 861-1500

*Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on March 14, 2025, a copy of the foregoing was served via CM/ECF which will serve the Plaintiff's counsels of record.

*/s/ James H. Rollinson*
James H. Rollinson (BBO #649407)
BAKER & HOSTETLER LLP

*Attorney for Defendant*