**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Deborah Caine, individually and on behalf of all others similarly situated, | Case No.: 1:25-cv-10261-ADB |
| Plaintiff, | |
| v. | |
| Sturdy Memorial Hospital, Inc., | |
| Defendant. | |

**Plaintiff's Memorandum In Support Of Motion For Leave To File and to Seal Second Amended Complaint**

**TABLE OF CONTENTS**

Page

I.      Introduction ............................................................................................................. 1

II.     Argument ................................................................................................................. 2

        A.      Leave to Amend Should Be Freely Given ......................................................... 2

        B.      The Amendment Is Not Futile ......................................................................... 3

        C.      Sturdy Will Not Be Prejudiced ....................................................................... 4

        D.      There Has Been No Undue Delay Or Dilatory Motive In Filing The
                Motion .......................................................................................................... 5

III.    Conclusion .............................................................................................................. 5

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraham v. Woods Hole Oceanographic Inst.*,
553 F.3d 114 (1st Cir. 2009)..................................................................................................3

*United States ex rel. Deering v. Physiotherapy Assocs., Inc.*,
601 F. Supp. 2d 368 (D. Mass. 2009).....................................................................................2

*Federal Deposit Ins. Corp. v. Consolidated Mortg. & Finance Corp.*,
805 F.2d 14 (1st Cir. 1986)......................................................................................................2

*Foman v. Davis*,
371 U.S. 178 (1962)...................................................................................................................3

*Glassman v. Computervision Corp.*,
90 F.3d 617 (1st Cir. 1996).......................................................................................................3

*Great Lakes Ins. SE v. Andersson*,
338 F.R.D. 424 (D. Mass. 2021)..............................................................................................4

*Green v. Cosby*,
99 F. Supp. 3d 223 (D. Mass. 2015).......................................................................................3

*Hum. Servs. Consultants, Ltd. v. Tamule*,
No. CV 06-00486ML, 2008 WL 11390800 (D.R.I. May 15, 2008) .....................................4

*Nikitine v. Wilmington Trust Co.*,
715 F.3d 388 (1st Cir. 2013).....................................................................................................3

*Savoy v. White*,
139 F.R.D. 265 (D. Mass. 1991)..............................................................................................3

*Steir v. Girl Scouts of the USA*,
383 F.3d 7 (1st Cir. 2004)..........................................................................................................5

*Vargas v. McNamara*,
608 F.2d 15 (1st Cir. 1979)......................................................................................................3

**Statutes**

18 U.S.C. § 2510 ........................................................................................................................1

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................3

Fed. R. Civ. P. 15(a) ..................................................................................................2, 3

Fed. R. Civ. P. 16.........................................................................................................4

**Other Authorities**

3 James W.M. Moore et al., MOORE'S FEDERAL PRACTICE (3d ed. 1997) ................................2

## I.    Introduction

Ms. Caine's current complaint alleges that Sturdy shared her private health information with Google, surreptitiously and without her consent. Unwilling to disclose the specifics of her private health information in an open court filing, Ms. Caine alleges that she searched Sturdy's website for "information on several significant health issues, the specifics of which are highly sensitive *but which Ms. Caine would disclose under a confidentiality agreement.*" ECF # 7, Amended Complaint ¶ 23 (emphasis added).

Sturdy removed Ms. Caine's state court lawsuit (ECF # 1) because her state court Complaint alleges a violation of federal law, the Electronic Communications Privacy Act, 18 U.S.C. § 2510 (the "ECPA"), in addition to her state law claims. Sturdy then filed a motion to dismiss. ECF # 8. Sturdy's motion attempts to use Ms. Caine's unwillingness to disclose her private health information in an open court filing as a sort of cudgel. The crux of Sturdy's motion is that Ms. Caine's failure to specify exactly what aspects of her private health information that it shared with Google renders her claims invalid. "Plaintiff's complaint … fails to provide any individual allegations regarding any medical information she contends was transmitted, or any harm to her as a result of the alleged generic transmissions." Sturdy Brief, ECF #9, at 1.

Sturdy also makes discrete legal arguments regarding Ms. Caine's claims under state and federal law, but to ensure that its factual plausibility argument is addressed on a complete record, Ms. Caine requests leave to amend her complaint by specifying the private health information Sturdy shared with Google, but redacting that information so only Sturdy and the Court may view it. This amendment moots Sturdy's

argument that Ms. Caine's desire to keep her private information private is somehow a pleading flaw that justifies dismissal.

The proposed amendment is timely because it is filed at the inception of the case, the Court has not even set a scheduling order yet. It does not add new causes of action, but instead includes additional factual details to support Ms. Caine's claims. Sturdy is not prejudiced in any way by this amendment as Sturdy already knows what searches Ms. Caine performed, they are the very searches Sturday shared with Google.

## II.   Argument

### A.   Leave to Amend Should Be Freely Given

Rule 15(a) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." "A liberal, pro-amendment ethos dominates the intent and the judicial construction of Rule 15(a)." 3 James W.M. Moore et al., MOORE'S FEDERAL PRACTICE, §15.14[1] (3d ed. 1997); *see also Federal Deposit Ins. Corp. v. Consolidated Mortg. & Finance Corp.,* 805 F.2d 14, 16 (1st Cir. 1986); *United States ex rel. Deering v. Physiotherapy Assocs., Inc.*, 601 F. Supp. 2d 368, 371 (D. Mass. 2009) ("[c]ourts liberally grant motions to amend 'unless the amendment would be futile or reward undue delay'") quoting *Adorno v. Crowley Towing & Transp. Co.,* 443 F.3d 122, 126 (1st Cir. 2006).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…futility of amendment, etc.—the leave sought should, as the rules require, be freely given." *Foman*

*v. Davis,* 371 U.S. 178, 182 (1962) (quotations omitted). "The leave sought should be granted unless the amendment would be futile or reward undue delay." *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009) (citing *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006)); *see also Vargas v. McNamara,* 608 F.2d 15 (1st Cir. 1979); *Savoy v. White,* 139 F.R.D. 265, 267 (D. Mass. 1991) (same); *cf. Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (only where the court finds sufficient "undue delay, bad faith, futility, or the absence of due diligence on the movant's part" should it deny leave). No such delay has occurred here.

### B.    The Amendment Is Not Futile

For purposes of Rule 15(a), "futility" means that "the complaint, as amended, would fail to state a claim upon which relief could be granted. In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996) (citations omitted). A motion to amend "can be denied as futile when the moving party seeks to add a new claim which clearly and unequivocally would be dismissed on its face." *Green v. Cosby*, 99 F. Supp. 3d 223, 226 (D. Mass. 2015) (noting that, for example, it would not be an abuse of discretion to deny a motion to amend to add a claim that is time-barred).

The proposed amendment here is not futile, it only adds detail to Ms. Caine's allegations of Sturdy's invasions of her privacy, as described above in the Introduction.

### C. Sturdy Will Not Be Prejudiced

Courts evaluating a motion to amend find that prejudice to the opposing party exists where, for example, the motion is filed after the close of discovery, or after the defendants have filed their motion for summary judgment, or when the amendment substantially changes the theory on which the case has been proceeding. *Hum. Servs. Consultants, Ltd. v. Tamule*, No. CV 06-00486ML, 2008 WL 11390800, at *2 (D.R.I. May 15, 2008) (allowing complaint to be amended after discovery is completed and summary judgment was filed "would force Defendants to engage in significant additional preparation"), citing *Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 450 (1st Cir. 1995) ("It is well within a court's discretion to find prejudice where the amendment 'substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation.' "). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Great Lakes Ins. SE v. Andersson*, 338 F.R.D. 424, 427 (D. Mass. 2021), citing *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st. Cir 2004).

No such prejudice will result here. As previously noted, this case is in its embryonic phases, no discovery has been done and a Rule 16 scheduling conference has not been set. The amendment does not change the theory of the case nor does it add new legal claims. Sturdy will not be surprised by the additional factual allegations because it is aware of what Ms. Caine searched for on its website.

4

**D.    There Has Been No Undue Delay Or Dilatory Motive In Filing The Motion**

The plaintiff's burden when seeking leave to amend is largely dependent on the phase and timing of the litigation—the earlier it is, the lesser the plaintiff's burden. *See Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004). This case is just beginning. The state court record containing the current complaint was filed on February 7, 2025. ECF # 7. Sturdy's motion to dismiss was filed last month. ECF #8. If the amendment is allowed, both sides will still have a full opportunity to conduct all relevant discovery. Given that this motion is filed shortly after Sturdy's motion to dismiss there has been no undue delay. Nor will the amendment interfere with any deadlines, as none have been set. The amendment is not offered for any dilatory motive, as it has been timely brought.

## III.    Conclusion

For all for the foregoing reasons, and given the liberal standard to be applied to motions to amend, the Court should allow the proposed amendment.

Dated: April 22, 2025

Respectfully submitted,

/s/ John Roddy
John Roddy (BBO No. 424240)
Elizabeth Ryan (BBO No. 549632)
Bailey & Glasser LLP
101 Arch Street, 8th Floor
Boston, MA 02110
(617) 439-6730 (phone)
(617) 951-3954 (fax)
jroddy@baileyglasser.com
eryan@baileyglasser.com

5

Lawrence J. Lederer (to be admitted *pro hac vice*)
Bart D. Cohen (to be admitted *pro hac vice*)
Bailey& Glasser LLP
1622 Locust Street
Philadelphia, PA 19103
(215) 274-9420 (phone)
(202) 463-2103 (fax)
llederer@baileyglasser.com
bcohen@baileyglasser.com

*Attorneys for Plaintiff and the Proposed Class*

6