**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

DEBORAH CAINE, individually and on behalf of all
others similarly situated,

                                Plaintiff,

            v.

STURDY MEMORIAL HOSPITAL, INC.,

                               Defendant.

Case No. 1:25-cv-10261

**DEFENDANT STURDY MEMORIAL HOSPITAL, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE AND TO SEAL SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................... 1

I.      PROCEDURAL BACKGROUND................................................................................ 1

II.     ARGUMENT .................................................................................................................. 2

        A.      Plaintiff Has Failed to Justify Leave to Amend Because the Proposed
                Amendment Is Futile...................................................................................... 2

        B.      Plaintiff's Motion to Seal Should Be Denied ........................................... 4

CONCLUSION......................................................................................................................... 7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................................2

*Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*,
  No. 07-CV-11444, 2008 WL 427290 (D. Mass. Feb. 13, 2008) ...........................................4, 6

*McKenzie v. Brannan*,
  No. 2:20-CV-00262-JAW, 2020 WL 6647106 (D. Me. Nov. 12, 2020)...................................4

*Parker v. Landry*,
  935 F.3d 9 (1st Cir. 2019)...............................................................................................2, 3

*Rife v. One West Bank, F.S.B.*,
  873 F.3d 17 (1st Cir. 2017)................................................................................................3

*Rodi v. Southern New England School of Law*,
  389 F.3d 5 (1st Cir.2004)...................................................................................................2

*Sarvis v. Polyvore, Inc.*,
  No. 12-CV-12233, 2013 WL 4056208 (D. Mass. Aug. 9, 2013) ..............................................2

*Saunders v. McDonough*,
  No. CV 21-10106-MBB, 2021 WL 4847562 (D. Mass. Oct. 18, 2021)...................................3

*Skyhook Wireless, Inc. v. Google, Inc.*,
  No. 10-CV-11571, 2015 WL 13675231 (D. Mass. Feb. 18, 2015) ..........................................6

*United States v. Amodeo*,
  71 F.3d 1044 (2d Cir. 1995).................................................................................................6

*United States v. Kravetz*,
  706 F.3d 47 (1st Cir. 2013).................................................................................................4

**Rules**

Fed. R. Civ. P. 15.................................................................................................................2

ii

## INTRODUCTION

Having already filed an amended complaint over three months ago in an effort to avoid dismissal for failure to state a claim, Plaintiff Deborah Caine ("Plaintiff") now moves for leave to amend her complaint once more, as well as to seal portions the proposed additions to her complaint, though her proposed second amended complaint neither clears the bar of futility nor contains any PHI or IIHI that warrants sealing. Her motion's allusions to HIPAA as justification to seal generalized information about the types of physicians that interest her, in addition to medical inquiries on behalf of unnamed persons, are insufficient to establish the need for sealing. Similarly, Plaintiff does not and cannot make a showing that the proposed amendments are not futile and fails to justify any reason why leave to amend her complaint should be granted. As addressed further below and in Defendant's pending Motion to Dismiss, this Court should deny Plaintiff's Motion for Leave to File and to Seal Second Amended Complaint and allow the briefing schedule for Defendant Sturdy Memorial Hospital, Inc.'s ("Defendant" or "Sturdy Memorial") pending Motion to Dismiss the operative complaint to continue.

## I.    PROCEDURAL BACKGROUND

On July 24, 2024, Plaintiff filed its original complaint in the Business Litigation Session of the Superior Court of the Commonwealth of Massachusetts for Suffolk County. ECF No. 1-3. On December 20, 2024, Defendant served noticed a Notice of Filing Motion to Dismiss. ECF No. 1-14. On January 24, 2025, Plaintiff filed an amended complaint. ECF No. 1-15.

On February 3, 2025, Defendant removed the action to the U.S. District Court for the District of Massachusetts. ECF No. 1. On February 6, the parties filed a Consent Motion for Extension of Time for Defendants to Respond to the Amended Complaint and Set Schedule. ECF No. 5. That day, the Court granted the motion. ECF No. 6. In accordance with that briefing schedule, Defendant filed a Motion to Dismiss on March 14, 2025. ECF No. 7. On March 26,

2025, Plaintiff filed an unopposed Motion for Extension of Time to Respond to Motion to Dismiss.  ECF No. 10. That day, the Court granted the motion. ECF No. 11. On April 21, 2025, Plaintiff filed an unopposed Motion for Three Day Extension of Time.  ECF No. 12. On April 22, 2025, the Court granted the motion.

On April 22 2025, Plaintiff filed its Motion for Leave to File and to Seal Second Amended Complaint. ECF No. 14. On April 25, 2022, Plaintiff filed an Opposition to Sturdy Memorial's Motion to Dismiss the Amended Complaint. Defendant's Reply in further support of its Motion to Dismiss the Amended Complaint is due to be filed on May 16. ECF No. 6.

## II.    ARGUMENT

### A.    Plaintiff Has Failed to Justify Leave to Amend Because the Proposed Amendment Is Futile

After amending a complaint a first time, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Defendant Sturdy Memorial opposes the motion for leave to amend the complaint. While "[t]he court should freely give leave when justice so requires," that is not the case here. *Id.* Plaintiff's proposed changes to the complaint, which provide additional detail about the browsing activity and searches Plaintiff performed on behalf of herself and others, do not cure defects in the Amended Complaint. ECF No. 1-15.

"Under certain circumstances, a court may allow a plaintiff an opportunity to amend a complaint in lieu of a dismissal." *Sarvis v. Polyvore, Inc.*, No. 12-CV-12233, 2013 WL 4056208, at *11 (D. Mass. Aug. 9, 2013) (citing *Rodi v. Southern New England School of Law,* 389 F.3d 5, 20 (1st Cir.2004)). A proposed amended complaint, however, "is futile if it fails to 'state a claim to relief that is plausible on its face.'" *Parker v. Landry*, 935 F.3d 9, 13 (1st Cir. 2019) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Where "a plaintiff seeks to

amend her complaint prior to the commencement or completion of discovery," futility is measured "through the lens of Federal Rule of Civil Procedure 12(b)(6)." *Parker*, 935 F.3d at 13; *see also Rife v. One West Bank, F.S.B.*, 873 F.3d 17, 21 (1st Cir. 2017) (affirming trial court's "decision to deny [Plaintiff] leave to amend his complaint because the complaint, as amended, would fail to state a claim upon which relief could be granted" (internal quotation omitted)); *Saunders v. McDonough*, No. CV 21-10106-MBB, 2021 WL 4847562, at *10 (D. Mass. Oct. 18, 2021), *aff'd*, No. 21-1949, 2023 WL 3704926 (1st Cir. Feb. 16, 2023) (finding a "proposed amendment [] futile because it fails to state a claim upon which relief could be granted").

First, Ms. Caine never argues that the information in her complaint is necessary to cure defects but instead states that it "only adds detail to Ms. Caine's allegations of Sturdy's invasions of her privacy." Memo. at 3. The detail Ms. Caine has added is purportedly "specifying the private health information Sturdy shared with Google." *Id.* at 1. That information, however, is not the "highly sensitive, private, protected health information" that Plaintiff's motion claims. Mot. at 1–2. The newly added information is not, for example, details about Ms. Caine's medical conditions, diagnoses, or symptoms. Rather, as to the newly added information that actually pertains to herself, Plaintiff has merely identified physicians by name for who she had searched, and nothing about the identities of the physicians could reveal particular medical information or diagnoses about Plaintiff. *See* Proposed SAC ¶¶ 25–26. Additionally, Plaintiff identifies categories of information that she merely wished "to keep updated on" but does not allege to actually be conditions she has. *Id.* ¶ 26.

Elsewhere, Plaintiff adds allegations about searches she performed on Defendant's website for other, nameless, and otherwise anonymous "persons" and "individuals." *Id.* ¶¶ 28–34. These additional allegations do not overcome the deficiencies in Plaintiff's claims and are not

3

protected PHI. Instead, if anything, they cut her argument down at the knees and show that website browsing activity on Sturdy Memorial's public website does not reveal protected PHI, as Plaintiff herself admittedly used the website on numerous occasions to review information that had nothing to do with her own health care.

**B.      Plaintiff's Motion to Seal Should Be Denied**

Plaintiff's Motion advances a threadbare justification of impoundment by making allusions to HIPPA. *See* Mot. at 1–2. Plaintiff asserts that "Ms. Caine has good cause for filing the proposed Second Amended Complaint with redactions because it contains references to highly sensitive, private, protected health information." *Id.* at 1. Plaintiff then generally describes HIPAA, IIHI, and PHI. *Id.* at 1–2. In the motion, Plaintiff does not assert that anything in the amended complaint that Plaintiff has proposed sealing is actually IIHI or PHI as defined by HIPAA. Though ECF No. 15 is entitled "Plaintiff's Memorandum In Support of Motion for Leave to File and to Seal Second Amended Complaint," the memorandum advances no explanation, justification, or support for why the proposed redacted material should be sealed.

"[T]he common law right of access applies to documents that constitute 'judicial records,' which are defined as 'materials on which a court relies in determining the litigants' substantive rights.'" *McKenzie v. Brannan*, No. 2:20-CV-00262-JAW, 2020 WL 6647106, at *3 (D. Me. Nov. 12, 2020) (quoting *United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013)). "A party seeking to file a document under seal must demonstrate that 'good cause' exists to do so." *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, No. 07-CV-11444, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008).

"The privacy interest in medical information is 'neither fundamental nor absolute.'" *United States v. Kravetz*, 706 F.3d 47, 63 (1st Cir. 2013). Merely asserting that information is "highly sensitive, private, protected health information," as Plaintiff's motion does, does not

make it so. To be clear, Plaintiff has not proposed sealing any information about any medical condition or diagnoses she may or may not have. Rather, as to the information that actually pertains to herself, Plaintiff has merely identified physicians by name, and nothing about the identities of the physicians reveals particular medical information or diagnoses about Plaintiff. *See* Proposed SAC ¶¶ 25–26. Additionally, Plaintiff identifies categories of information that she merely wished "to keep updated on" but does not allege to actually be conditions she has. *Id.* ¶ 26.

Elsewhere, Plaintiff seeks to seal information about searches she conducted on behalf of unnamed and unidentified people. *Id.* ¶¶ 28–34. It is unclear how such searches could possibly constitute Plaintiff's PHI or IIHI since she admittedly is performing them on behalf of others and do not relate to her personal health information. The information is also not PHI or IIHI of others, since it is not health information that can be linked to these other unidentified anonymous persons. *See id.* ¶ 28 ("Ms. Caine also searched Sturdy's website … for other individual she was assisting"); *id.* ¶ 29 ("Ms. Caine searched Sturdy's website multiple times … for others she was assisting"); *id.* ¶ 30 ("Ms. Caine searched Sturdy's website multiple times … for two other persons"); *id.* ¶ 31 ("Ms. Caine searched Study's website multiple times … for certain individuals she was also assisting"); *id.* ¶ 32 ("Ms. Caine searched Sturdy's website multiple times .. for several individuals"); *id.* ¶ 33 "Ms. Caine also searched Sturdy's website multiple times… for family members and other individuals"); *id.* ¶ 34 ("Ms. Caine also searched Sturdy's website multiple times… for certain individuals." It is unclear why Plaintiff has proposed redacting information about ads she received after purportedly conducting searches "on Sturdy's website for herself and certain other individuals she was assisting." *Id.* ¶¶ 37–38.

"What constitutes 'good cause,' and therefore what concerns can justify a document being filed under seal, depends on the nature of the filing"—"[t]he more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it." *Skyhook Wireless*, 2015 WL 13675231, at *1. "Good cause" does not exist to seal the types of information that Plaintiff has proposed, which includes the most innocuous and universal information adjacent to herself, as well as information about anonymous persons that are not Ms. Caine.

Another factor a court should consider is "[t]he nature and degree of injury must also be weighed," which "will entail consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). The information that pertains to Ms. Caine that is proposed to be sealed and redacted is not sensitive, and Ms. Caine will experience no injury if the material were to be published. Similarly, even if the material about third-parties were sensitive, given that they are unnamed and anonymous, it is unclear how there could be any injury to those persons.

Further, "[t]he court expends considerable resources to process and maintain sealed documents." *Skyhook Wireless, Inc. v. Google, Inc.*, No. 10-CV-11571, 2015 WL 13675231, at *1 (D. Mass. Feb. 18, 2015) (citing *Dunkin Donuts*, 2008 WL 427290, at *1). Permitting Plaintiff to proceed with sealing the proposed redacted material will cause additional, needless burdens to Defendant and this Court with future sealed filings that quote to and refer to such information.

Plaintiff has not attempted to make an argument that the proposed redacted material should be appropriately sealed, but in any event, as shown above, the proposed redacted material should not be sealed.

6

## **CONCLUSION**

For the foregoing reasons, Sturdy Memorial respectfully asks the Court to deny Plaintiff's Motion for Leave to File and to Seal Second Amended Complaint.

Dated: May 5, 2025

Respectfully submitted,

*/s/ James H. Rollinson*
James H. Rollinson (BBO #649407)
BAKER & HOSTETLER LLP
127 Public Street
Suite 2000
Cleveland, OH 44116
jrollinson@bakerlaw.com
T: (216) 621-0200
F: (216) 626-0740

Paul G. Karlsgodt (pro hac vice to be filed)
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202-2662
pkarlsgodt@bakerlaw.com
T: (303) 764-4013
F: (303) 861-7805

Elizabeth A. Scully (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
escully@bakerlaw.com
T: (202) 861-1500

*Attorneys for Defendant*

7

## CERTIFICATE OF SERVICE

I hereby certify that, on May 5, 2025, a copy of the foregoing was served via CM/ECF which will serve the Plaintiff's counsels of record.

*/s/ James H. Rollinson*
James H. Rollinson (BBO #649407)
BAKER & HOSTETLER LLP

*Attorney for Defendant*