**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| DEBORAH CAINE, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>STURDY MEMORIAL HOSPITAL, INC.,<br><br>            Defendant. | Case No. 1:25-cv-10261 |

**DEFENDANT STURDY MEMORIAL HOSPITAL, INC.'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Sturdy Memorial Hospital, Inc. ("Sturdy Memorial"), by and through its counsel, hereby respectfully submits the following supplemental authority in support of its Motion to Dismiss Plaintiff's First Amended Complaint: *Goulart et al. v. Cape Cod Healthcare, Inc.*, 2025 WL 1745732 (D. Mass. June 24, 2025) ("*Cape Cod*"), attached hereto as **Exhibit A**. The decision provides instructive and persuasive analysis of the crime-tort exception to the Electronic Communications Privacy Act ("ECPA") and supports granting of Sturdy Memorial's pending Motion to Dismiss.

On June 24, 2025, Judge Richard G. Stearns of the District of Massachusetts granted Cape Cod's motion to dismiss the plaintiffs' ECPA claim that was based on similarly pled allegations regarding Cape Cod's use of the Meta Pixel and Google analytics on its websites. *Cape Cod*, 2025 WL 1745732 at *3–4. Consistent with prior decisions from this district, Judge Stearns held that for the crime tort-exception to be invoked a plaintiff must plead sufficient facts that the health system's "primary motivation" or "determinative factor" in disclosing plaintiff's alleged personal health information through software-tracking technology was for the purpose of committing a criminal

or tortious act. *Id.* at \*3 (citing *United States v. McHugh*, 57 F. Supp. 3d 95, 99–100 (D. Mass. 2014)). Judge Stearns noted that the complaint, like the Plaintiff's Amended Complaint against Sturdy Memorial, includes allegations "supporting the proposition that [the health system] used the trackers for purposes of marketing and advertising." *Id.*at \*4. Given these allegations, Judge Stearns concluded that as a matter of law, marketing and advertising which are "commercial purposes or advantages are not the stuff of which a crime-tort is made." *Id.*

Judge Stearns was further "unconvinced that the Complaint sufficiently alleges an independent crime or tort beyond the alleged interception itself," and rejected the plaintiffs' argument that an alleged violation of HIPAA amounts to an act secondary to the acquisition of the "interception" because no data was "independently used in a crime or tort committed by CCHC." *Id.* at 4 n.3; *see also* Sturdy Memorial's Motion to Dismiss at 9 and Reply at 4–9 (addressing the lack of an alleged independent crime or tort).

Dated: June 26, 2025

Respectfully submitted,

*/s/ Elizabeth A. Scully*
Elizabeth A. Scully (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
escully@bakerlaw.com
T: (202) 861-1500

James H. Rollinson (BBO #649407)
BAKER & HOSTETLER LLP
127 Public Street
Suite 2000
Cleveland, OH 44116
jrollinson@bakerlaw.com
T: (216) 621-0200
F: (216) 626-0740

Paul G. Karlsgodt (*pro hac vice* to be filed)
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202-2662
pkarlsgodt@bakerlaw.com
T: (303) 764-4013
F: (303) 861-7805


*Attorneys for Defendant*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 26, 2025, a copy of the foregoing was served via CM/ECF which will serve the Plaintiff's counsels of record.

*/s/ Elizabeth A. Scully*
Elizabeth A. Scully
BAKER & HOSTETLER LLP

*Attorney for Defendant*