UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Deborah Caine, individually and on behalf of all others similarly situated, | Case No.: 1:25-cv-10261-ADB |
| Plaintiff, | |
| v. | |
| Sturdy Memorial Hospital, Inc., | |
| Defendant. | |

**Plaintiff's Response To Sturdy Memorial Hospital's
Notice Of Supplemental Authority**

Sturdy's supplemental authority, *Goulart et al. v. Cape Cod Healthcare, Inc.,* 2025 WL 1745732 (D. Mass. June 24, 2025), does not support dismissal. Judge Stearns relied upon and quoted the standard set out in *Caro v. Weintraub,* 618 F.3d 94, 100 (2d Cir. 2010), to dismiss *Goulart's* Electronic Communications Privacy Act ("ECPA") claim because he was "unconvinced" the Complaint sufficiently alleged an "independent crime or tort beyond the alleged interception itself." *Goulart,* 2025 WL 1745732, at *3, *4 n.3.

Ms. Caine's claim is not "similarly pled," as Sturdy asserts without support. ECF No. 21 at 1. Rather she alleges — and Sturdy cannot deny — that it bartered her private health information to Google for marketing purposes and financial gain, violating HIPAA, the ECPA and state law. In a virtually identical case decided just two days ago, *Pattison v. Teladoc Health, Inc.*, No. 23 Civ. 11305 (NSR), 2025 WL 1756364, at *3 (S.D.N.Y. June 25, 2025), the court invoked very same *Caro* standard Judge Stearns relied upon in

*Goulart* to hold "[s]uch allegations are enough to invoke the criminal-tortious exemption to the one-party consent rule of the ECPA… ." Numerous courts have held that similar allegations satisfy the ECPA's crime-tort exception as Ms. Caine's opposition to Sturdy's motion to dismiss enumerates, *see* ECF No. 18 at 8-10, citing cases including *Cooper v. Mount Sinai Health Sys.* and *Kurowski v. Rush Sys. for Health*, two of the cases *Pattison* cited to the same effect.

Contrary to Sturdy's one size fits all position, the courts analyze the issue based on the particular allegations in each case. And here, unlike in *Goulart*, Ms. Caine's allegations sufficiently allege independent criminal and tortious conduct beyond the mere interception of her private health information itself.

Dated: June 27, 2025

Respectfully submitted,

*/s/ John Roddy*
John Roddy (BBO No. 424240)
Elizabeth Ryan (BBO No. 549632)
Bailey Glasser LLP
101 Arch Street, 8th Floor
Boston, MA 02110
(617) 439-6730 (phone)
(617) 951-3954 (fax)
jroddy@baileyglasser.com
eryan@baileyglasser.com

2

Lawrence J. Lederer
Bart D. Cohen
Bailey Glasser LLP
1622 Locust St.
Philadelphia, PA 19103
(215) 274-9420 (phone)
(202) 463-2103 (fax)
llederer@baileyglasser.com
bcohen@baileyglasser.com

*Attorneys for Plaintiff and the Proposed Class*