**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Deborah Caine, individually and on behalf of all others similarly situated, | Case No.: 1:25-cv-10261-ADB |
| Plaintiff, | |
| v. | |
| Sturdy Memorial Hospital, Inc., | |
| Defendant. | |

**Plaintiff's Memorandum in Support of Motion to Impound Second Amended Complaint**

## I.    Introduction

Ms. Caine's current Complaint alleges that Sturdy shared her private health information with Google, surreptitiously and without her consent. Unwilling to disclose the specifics of her private health information in an open court filing, Ms. Caine alleges that she searched Sturdy's website for "information on several significant health issues, the specifics of which are highly sensitive *but which Ms. Caine would disclose under a confidentiality agreement*." ECF # 7, Amended Complaint ¶ 23 (emphasis added).

Sturdy removed Ms. Caine's state court lawsuit (ECF # 1) because her state court Complaint alleges a violation of federal law, the Electronic Communications Privacy Act, 18 U.S.C. § 2510 (the "ECPA"), in addition to her state law claims. Sturdy then filed a motion to dismiss, ECF # 8, which the Court granted with leave to file an amended complaint. ECF # 25. Sturdy has indicated that, as with its original opposition to Ms. Caine's motion to impound, it will oppose her current motion to impound the aspects

of the Second Amended Complaint that detail her website searches tied to her inquiries about personal medical conditions.

Sturdy's opposition to her motion to impound attempts to use Ms. Caine's unwillingness to disclose her private health information in an open court filing as a sort of cudgel. The crux of Sturdy's opposition is that Ms. Caine's failure to specify exactly what aspects of her private health information that it shared with Google renders her claims invalid. Sturdy's original opposition stated that: "Plaintiff's complaint … fails to provide any individual allegations regarding any medical information she contends was transmitted, or any harm to her as a result of the alleged generic transmissions." Sturdy Brief, ECF # 9, at 1. Ms. Caine expects more of the same in opposition to this motion.

Ms. Caine has added some specific private health information that Sturdy shared with Google, and requests that such material be redacted so only Sturdy and the Court may view it.

## II.  Argument

### A.  The Court Has Inherent Authority and Good Cause Exists to Impound Ms. Caine's Sensitive Health Information

Federal courts possess inherent authority to seal or impound judicial records when doing so is necessary to serve the ends of justice. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978). Although there is a common-law right of public access to judicial records, that right is not absolute and may be overridden when competing interests outweigh the public's interest in access. *In re Providence Journal Co.*, 293 F.3d 1,

2

10 (1st Cir. 2002); *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986). This Court may impound documents under Local Rule 7.2 upon a showing of good cause.

The information Ms. Caine seeks to file under seal — and that underlies her amended complaint allegations — is her private protected health information ("PHI") and individually identifiable health information ("IIHI"), specifically the medical conditions she was researching, the physicians she was seeking, and the treatments she was investigating through Sturdy's website. This is paradigmatically sensitive information. Both Congress and the Massachusetts Legislature have enacted comprehensive statutory schemes premised on the recognition that patients' health information is among the most private categories of personal information. See 45 C.F.R. § 164.514(b)(2)(i) (enumerating categories of PHI); G.L. c. 111, § 70E (conferring right to "confidentiality of all records and communications" on patients).

Compelling Ms. Caine to choose between her Fourth Amendment-adjacent right to privacy and her right to access the courts would be constitutionally troubling and practically unjust. Courts routinely recognize that sealing is appropriate to protect sensitive medical information in litigation. See, e.g., *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995). (noting that "privacy interests of innocent third parties" and "the degree to which the subject matter is traditionally considered private" counsel in favor of sealing); cf. *Doe v. Lawrence Gen. Hosp.*, No. 25-cv-10081, 2025 WL 2808055, at *1 (D. Mass. Aug. 29, 2025) (allowing plaintiff to proceed with pseudonym to protect medical privacy in analogous healthcare tracking litigation).

The public interest in access to court records is not implicated in any meaningful way by the proposed redactions. This case involves a common legal question — whether Sturdy unlawfully shared patients' PHI with Google through tracking technologies — that will be resolved based on evidence of Sturdy's website practices, its configuration of Google Analytics, and its knowledge thereof. The specific illnesses and medical conditions that Ms. Caine researched are relevant only to the threshold question of whether she has alleged facts sufficient to satisfy the plausibility standard under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Disclosing her diagnoses and conditions to the world at large is not necessary to that inquiry; providing them to the Court and Defendant is sufficient. The proposed redacted filing accomplishes precisely that.

Sturdy itself recognizes the sensitivity of this information. Its own Notice of Privacy Practices promises patients that it "may only use or disclose your Protected Health Information when you grant us permission through your written authorization." By compelling public disclosure of the very information Sturdy promises to keep private, and then using Ms. Caine's protective instinct against her as a pleading deficiency, Sturdy seeks to weaponize her reasonable privacy expectation. This Court should reject that Catch-22 argument.

And the risk that impoundment will harm legitimate third-party interests is minimal. No member of the public has an interest in learning the details of Ms. Caine's private health conditions; the sole beneficiary of public disclosure would be Sturdy, which seeks to convert her privacy into a litigation weapon. The proposed redactions

4

are narrowly tailored to cover only the specific health information Ms. Caine researched and will include full disclosure to Defendant's counsel. Good cause for impoundment is therefore established.

## III. Conclusion

For the foregoing reasons, the Court should allow the Second Amended Complaint to be impounded and a redacted version be filed on the docket. Ms. Caine's private protected health information — the very information that Sturdy unlawfully disclosed — should not be compelled into the public record as the price of Ms. Caine's access to the courts. The proposed redactions are narrowly tailored, the amendment addresses the Court's identified pleading deficiencies, and good cause for impoundment is well established.

Dated: March 31, 2026

Respectfully submitted,

*/s/ John Roddy*

John Roddy (BBO No. 424240)
Elizabeth Ryan (BBO No. 549632)
Bailey & Glasser LLP
101 Arch Street, 8th Floor
Boston, MA 02110
(617) 439-6730 (phone)
(617) 951-3954 (fax)
jroddy@baileyglasser.com
eryan@baileyglasser.com

5

Lawrence J. Lederer (to be admitted pro hac vice)
Bart D. Cohen (to be admitted pro hac vice)
Bailey & Glasser LLP
1622 Locust Street
Philadelphia, PA 19103
(215) 274-9420 (phone)
(202) 463-2103 (fax)
llederer@baileyglasser.com
bcohen@baileyglasser.com

*Attorneys for Plaintiff and the Proposed Class*