**N THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DEBORAH CAINE, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>STURDY MEMORIAL HOSPITAL, INC.,<br><br>         Defendant. | Case No. 1:25-cv-10261 |

**DEFENDANT STURDY MEMORIAL HOSPITAL, INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................ 1

I.    THE COMPLAINT ................................................................................ 2

II.   STANDARD OF REVIEW .................................................................... 4

III.  ARGUMENT .......................................................................................... 4

    A.    Plaintiff's Claims Fail Because No Protected Health Information Was Disclosed ................................................................................ 4

    B.    Plaintiff's ECPA Claim Fails Because She Fails to Plead Facts That Plaintiff Purposefully Committed Any Criminal Or Tortious Acts............. 6

    C.    Plaintiff Fails to State a Privacy Claim ...................................... 11

        1.    Plaintiff Fails to Plead a Claim for Statutory Invasion of Privacy ................................................................................. 11

        2.    Plaintiff Fails to Plead a Claim for Invasion of Privacy Under G.L. c. 111, § 70E ................................................................. 12

    D.    Plaintiff's Negligence Claim Fails for Lack of Duty, Breach, and Damages........................................................................................ 14

        1.    Plaintiff's Negligence Claim Fails for Lack of Duty, Breach, and Damages....................................................................... 14

        2.    Plaintiff Fails to Plead Cognizable Damages............................... 16

    E.    Plaintiff Fails to Allege Mutual Assent and Consideration Necessary for Her Implied Contract Claim ............................................. 17

    F.    Plaintiff Fails to Plead a Fiduciary Relationship Between Sturdy Memorial and Plaintiff with Regards to Her Public Website Browsing Data ........................................................................................ 19

CONCLUSION.................................................................................................... 20

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acara v. Banks*,
470 F.3d 569 (5th Cir. 2006) ........................................................................................10

*Alberts v. Devine*,
395 Mass. 59 (1985) ......................................................................................................14

*American Hospital Ass'n v. Becerra*,
738 F. Supp. 3d 780 (N.D. Tex. June 20, 2024) .............................................1, 4, 5, 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................................................................4

*B.K. v. Eisenhower Medical Center*,
721 F. Supp. 3d 1056 (C.D. Cal. 2024) ........................................................................11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 554 (2007)....................................................................................................4, 11

*Branyan v. Southwest Airlines Co.*,
105 F. Supp. 3d 120 (D. Mass. 2015) ...........................................................................11

*Brush v. Miami Beach Healthcare Grp. Ltd.*,
238 F. Supp. 3d 1359 (S.D. Fla. 2017) .........................................................................19

*Cape Cod ASC, LLC v. Bentivegna*,
No. 2008457, 2010 WL 3038824 (Mass. Super. Jul. 1, 2010) .....................................19

*Carpenter v. United States*,
138 S.Ct. 2206, 585 U.S. 296 (U.S., 2018).....................................................................9

*Chin v. Merriot*,
470 Mass. 527 (2015) ...................................................................................................13

*Clark v. Rowe*,
428 Mass. 339 (1998) ...................................................................................................15

*Cohen v. Casper Sleep Inc.*,
No. 17-CV-9325, 2018 WL 3392877 (S.D.N.Y. Jul. 12, 2018).....................................10

*Conformis, Inc. v. Aetna, Inc.*,
58 F.4th 517 (1st Cir. 2023)............................................................................................4

*Darviris v. Petros*,
     442 Mass. 274 (2004) ........................................................................................................12

*Doe v. Genesis Health Sys.*,
     No. 4:23-CV-04209-JEH, 2025 WL 1000192 (C.D. Ill. Mar. 18, 2025) ..................................7

*Doe v. Kaiser Found. Health Plan, Inc.*,
     No. 23-CV-02865-EMC, 2024 WL 1589982 (N.D. Cal. Apr. 11, 2024)................................10

*Doe v. Lawrence Gen. Hosp.*,
     2025 WL 2808055 (D. Mass. Aug. 29, 2025) .......................................................................7, 8

*Doe v. Tenet Healthcare Corp.*,
     731 F. Supp. 3d 142 (D. Mass. 2024) .....................................................................................6

*Donovan v. Philip Morris USA, Inc.*,
     455 Mass. 215 (2009) ......................................................................................................16, 17

*Gardiner v. Walmart, Inc.*,
     No. 20-CV-04618-JSW, 2021 WL 4992539 (N.D. Cal. Jul. 28, 2021)..................................17

*Goulart v. Cape Cod Healthcare, Inc.*,
     2025 WL 1745732 (D. Mass. June 24, 2025)...........................................................................7

*Gravallese v. Massachusetts Parole Bd.*,
     No. CA 945777, 1995 WL 808813 (Mass. Super. Apr. 19, 1995) ..........................................19

*Hammerling v. Google LLC*,
     615 F. Supp. 3d 1069 (N.D. Cal. 2022) ................................................................................11

*Hubbard v. Google LLC*,
     No. 19-CV-07016-SVK, 2024 WL 3302066 (N.D. Cal. Jul. 1, 2024) ...................................11

*In re iPhone Application Litig.*,
     844 F. Supp. 2d 1040 (N.D. Cal. 2012) ................................................................................12

*J.R. v. Walgreens Boots Alliance, Inc.*,
     No. 20-1767, 2021 WL 4859603 (4th Cir. Oct. 19, 2021) ....................................................18

*Johnson v. Duxbury, Massachusetts*,
     931 F.3d 102, 107 (1st Cir. 2019).............................................................................................9

*Jordan's Furniture, Inc. v. Carter & Burgess, Inc.*,
     No. 16-P-728, 2017 WL 3393465 (Mass. App. 2017).............................................................15

*Josef Gartner USA LP v. Consigli Const. Co., Inc.*,
     No. 10-40072-FDS, 2011 WL 2417137 (D. Mass. Jun. 10, 2011)........................................17

iii

*Juliano v. Simpson*,
    461 Mass. 527 (2012) ..................................................................................................15

*K.L. v. Legacy Health*,
    No. 3:23-CV-1886-SI, 2024 WL 4794657 (D. Or. Nov. 14, 2024)....................................6, 15

*Koppel v. Moses*,
    No. 20-11479-LTS, 2020 WL 6292871 (D. Mass. Oct. 27, 2020)..........................................12

*Korper v. Weinstein*,
    57 Mass. App. Ct. 433 (2003).........................................................................................20

*Loffredo v. Center for Addictive Behaviors*,
    426 Mass. 541 (1998) ..................................................................................................12

*A.G. ex rel. Maddox v. v. Elsevier, Inc.*,
    732 F.3d 77 (1st Cir. 2013)...........................................................................................16

*Maghoney v. Dotdash Meredith, Inc.*,
    2026 WL 497402 (S.D. Cal. Feb. 23, 2026).........................................................................6, 12

*Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*,
    412 F.3d 215 (1st Cir. 2005).........................................................................................17

*In re Mednax Servs. Customer Data Sec. Breach Litig*,
    603 F. Supp. 3d 1183 (S.D. Fla. 2022) ...........................................................................18

*Morales-Cruz v. Univ. of P.R.*,
    676 F.3d 220 (1st Cir. 2012).............................................................................................4

*Nelson v. Massachusetts Port Auth.*,
    55 Mass. App. Ct. 433 (2002)........................................................................................14

*Nienaber v. Overlake Hospital Medical Ctr.*,
    No. 2:23-CV-01159-TL, 2025 WL 692097 (W.D. Wash. Mar. 4, 2025).................................10

*Portier v. NEO Tech. Sols.*,
    No. 3:17-CV-30111-TSH, 2019 WL 7946103 (D. Mass. Dec. 31, 2019)...............................16

*R. M. W. by Wolfe v. Homewood Suites by Hilton Mt. Laurel*,
    No. CV 09-400 (JHR/AMD), 2012 WL 13186031 (D.N.J. Jun. 28, 2012)............................14

*Renzulli v. Sullivan*,
    No. 22 MISC 000564 (KTS), 2024 WL 1903573 (Mass. Land Ct. Apr. 26,
    2024) ......................................................................................................................15

*Roberts v. Charlotte Mecklenburg Hosp. Auth.*,
    2025 WL 880538 (W.D.N.C. Mar. 20, 2025)......................................................................9

*Rodriguez v. Fastmed Urgent Care, P.C.*,
   741 F. Supp. 3d 352 (E.D.N.C. 2024)................................................................10

*Roe No. 1 v. Children's Hosp. Med. Ctr.*,
   469 Mass. 710 (2014) .........................................................................................15

*SEC v. Tambone*,
   597 F.3d 436 (1st Cir. 2010).................................................................................4

*Smith v. Facebook, Inc.*,
   745 Fed. Appx. 8 (9th Cir. 2018)..........................................................................6

*Steinberg v. CVS Caremark Corp.*,
   899 F. Supp. 2d 331 (E.D. Pa. 2012)..................................................................17

*Swartz v. Cartwright*,
   No. 000059, 2002 WL 31379860 (Mass. Super. Jul. 19, 2002) ..........................14

*Sweat v. Houston Methodist Hospital*,
   2025 WL 2697111 (S.D. Tex. Sept. 22, 2025) .....................................................9

*T.D. v. Piedmont HealthCare, Inc.*,
   No. 1:23-CV-5416-TWT, 2024 WL 3972984 (N.D. Ga. Aug. 28, 2024) ..............17

*Town of Canton v. Comm'r of Massachusetts Highway Dep't*,
   455 Mass. 783 (2010) .........................................................................................13

*U.S. v. Forrester*,
   512 F.3d 500 (9th Cir. 2008) ................................................................................9

*Vacca v. Bringham & Women's Hosp., Inc.*,
   156 N.E.3d 800 (Mass. App. Ct. 2020) ..............................................................18

*Webb v. Injured Workers Pharmacy, LLC*,
   No. 22-CV-10797, 2023 WL 5938606 (D. Mass. Sept. 12, 2023) ........................18

*Weekes v. Cohen Cleary P.C.*,
   723 F. Supp. 3d 97 (D. Mass. 2024) ...................................................................18

*Wofse v. Horn*,
   523 F. Supp. 3d 122 (D. Mass. 2021) ..................................................................11

*Xinrong Zhuang v. Benvie*,
   No. 14-CV-13076-IT, 2018 WL 10335959 (D. Mass. Feb. 9, 2018) ....................13

**Statutes**

42 U.S.C.A. § 1320(d) ...............................................................................................5

18 U.S.C. § 2511(2)(d) ..............................................................................................6, 7

42 U.S.C. §§ 1320(d) *et seq.*......................................................................................10

G.L. c. 111, § 70 .......................................................................................................13

G.L. c. 111, § 70E.....................................................................................................13

G.L. c. 111, § 70E(b) ................................................................................................12

**INTRODUCTION**

Plaintiff's Second Amended Complaint—her third attempt to plead a cognizable claim against Sturdy Memorial Hospital, Inc. ("Sturdy Memorial")—again fails as a matter of law. Plaintiff alleges that Sturdy Memorial violated the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510–2522, through its use of Google Analytics on a public-facing website. But the complaint does not allege—because it cannot—that any of Plaintiff's medical records, treatments, test results, physician notes, or substantive communications with healthcare providers were ever disclosed.

Instead, Plaintiff attempts to transform the routine collection of data regarding user activity on a public website into the disclosure of protected health information under HIPAA and various state laws. ECPA is the sole federal claim asserted and the only basis for this Court's jurisdiction. On March 10, 2026, the Court dismissed Plaintiff's prior ECPA claim and declined to exercise supplemental jurisdiction over the remaining state law claims, granting Plaintiff leave to amend. Plaintiff's revisions do not cure the defects the Court identified.

The Second Amended Complaint relies largely on formulaic recitations of legal elements, not plausible facts. Plaintiff identifies no specific protected health information allegedly transmitted, and no concrete harm flowing from the alleged data collection. The information at issue reflects nothing more than pages viewed on a public website—information that, as a matter of law, is not HIPAA-protected. Indeed, as Plaintiff acknowledges, a federal court has vacated the Office for Civil Rights' guidance from December 2022 and held that precisely the type of data at issue here—searches conducted on a public website, even when accompanied by an IP address—does not constitute individually identifiable health information subject to HIPAA's Privacy Rule. *See American Hospital Ass'n v. Becerra*, 738 F. Supp. 3d 780 (N.D. Tex. June 20, 2024).

Because none of the information Plaintiff alleges was transmitted when she visited Study Memorial's public website qualifies as individually identifiable health information, all of her claims—each premised on the purported disclosure of such information—remain inadequately pled and should be dismissed with prejudice.

## I.    THE COMPLAINT

Defendant Sturdy Memorial is an integrated health system offering medical care at thirty-two locations in Southeastern Massachusetts. *See* Second Amended Complaint ("Sec. Am. Compl.") ¶ 14. Sturdy Memorial has a public website, www.sturdyhealth.org, that allows anyone, patients and non-patients alike, to search its website for information regarding Sturdy Memorial's services, physicians, and clinic locations. *See id.* ¶¶ 70–72. Sturdy Memorial also has a secure patient portal that users can access after entering log-in credentials. *Id.* ¶ 73. Critically, Plaintiff makes no allegations that any analytics software operated within Sturdy Memorial's patient portal or that she herself ever logged in to the patient portal. Plaintiff's allegations regarding her use of Sturdy Memorial's website are limited to searches conducted on the *public website* and include searches she performed for other third-parties. *Id.* ¶¶ 23–37.

The majority of Plaintiff's allegations concern her use of the public website to perform searches for others. *See id.* ¶¶ 24, 26, 29–36. In Plaintiff's attempt to bolster her claims, she proves Sturdy Memorial's argument all along; when a person searches on Defendant's public website, it is not possible to tell why a person is conducting a search on the public website, and whether the search relates to any particular condition of the person conducting the search or someone else entirely. Plaintiff's conclusory assertion that a user's browsing on Sturdy Memorial's *public* webpage amounts to the transmission of personal health information ("PHI") and individually identifiably health information ("IIHI") to Google is not supported by—and directly contradicted by her factual allegations. Compare *e.g.*, *id.* ¶¶ 2, 3, 6, 9, and 37 with  ¶¶

2

29-36 (addressing numerous searches she performed using Sturdy Memorial's website for information related to medical conditions of others).

Indeed, the allegations regarding searches Plaintiff conducted for herself are relatively limited. *Id.* ¶¶ 25, 28, and 35. The complaint remains devoid of any specific facts regarding any IIHI of hers that was transmitted to Google. Notably, Plaintiff does not plead that any specific substantive communications she had with any health care provider, or any medical records or test results of hers, were ever transmitted to Google—because they were not. Plaintiff also makes conclusory allegations relating to purported harm, including generic allegations that she has or will suffer damages, including "monetary damages, exposure to advertisements, use of [her] PHI and IIHI for advertising, increased risk of future harm, and emotional distress." *See id.* ¶¶ 187, 205, 206, 225, 230. While Plaintiff alleges she received ads relating to her searches on Sturdy Memorial's website, notably she includes that these ads were related both to searches she conducted for herself and searches she conducted for individuals she was assisting, further emphasizing the fact that the information tracked was not IIHI. *See id.* ¶¶ 38–41.

Relying on these threadbare allegations, Plaintiff asserts five causes of action against Sturdy Memorial for (1) violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510; (2) violation of privacy statutes G.L. c. 214, § 1B and c. 111, § 70E; (3) negligence; (4) breach of implied contract; and (5) breach of fiduciary duty. Plaintiff also seeks to represent a putative class of all Massachusetts residents who "are or were patients of Sturdy at any time after the date Sturdy initially installed Google Analytics on its website," and who "exchanged communications at Sturdy's website… for which Sturdy did not obtain the patient's consent…." *Id.* ¶ 154. Plaintiff's claims are insufficiently pled and thus all fail as a matter of law.

3

## II.    STANDARD OF REVIEW

Sturdy Memorial moves to dismiss the Second Amended Complaint for a failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss, the complaint must be both "plausible on its face" and suggest "more than a sheer possibility that a defendant has acted unlawfully." *Conformis, Inc. v. Aetna, Inc.*, 58 F.4th 517, 528 (1st Cir. 2023) (citations omitted). "To implement the plausibility standard, an inquiring court first must separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

## III.    ARGUMENT

### A.    Plaintiff's Claims Fail Because No Protected Health Information Was Disclosed.

Plaintiff's claims all rest on the fundamentally flawed and insufficiently pled assumption that the information allegedly disclosed to third parties is protected health information under HIPAA. Sec. Am. Compl. ¶ 2. However, the *Becerra* court explained that an individual's browsing of a public website fails as a matter of law to relate to the health or condition of an individual under the HIPAA Privacy Rule. The court found that information that is merely "indicative" of PHI, such as browsing activity on a healthcare public website, is not sufficient to meet the definition of IIHI. *See Becerra*, 2024 WL 3075865 at *12.

4

The federal definition of IIHI is instructive here to illustrate the shortcomings of Plaintiff's complaint:

> (6) Individually identifiable health information
>
> The term "individually identifiable health information" means any information, including demographic information collected from an individual, that--
>> (A) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and
>>
>> (B) **relates to** the past, present, or future physical or mental health or condition of an individual, **the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual**, and--
>> (i) identifies the individual; or
>>
>> (ii) **with respect to which there is a reasonable basis to believe that the information can be used to identify the individual.**

42 U.S.C.A. § 1320(d). (emphasis added). Plaintiff's factual allegations in paragraphs 24–36 eliminate any reasonable basis to infer that searches conducted on the public website, that include general information that can be accessed and reviewed by anyone, relate to the provision of health care to a particular individual to be protected information under § 1320(d)(6).

As the *Becerra* court explained, without knowing a user's subjective intent for their visit to a public website, which could include searching regarding their own condition, a family member's condition, for a book report, for litigation, or for entirely other reasons, the metadata resulting from that visit "could never identify that individual's PHI. Simply put, **Identity** (Person A) + **Query** (Condition B) ≠ **IIHI** (Person A has Condition B)." *See Becerra*, 738 F. Supp. 3 at 803 (emphasis in original). Other courts have similarly found that data related to a user browsing a health care entity's public website does not reveal medical information protected under

5

HIPAA.[1] *See K.L. v. Legacy Health*, No. 3:23-CV-1886-SI, 2024 WL 4794657, at *4 (D. Or. Nov. 14, 2024) (finding "generic search queries" created during public website browsing are not PHI); *Maghoney v. Dotdash Meredith, Inc.*, 2026 WL 497402, at *5 (S.D. Cal. Feb. 23, 2026) ("nothing about Plaintiff's searches indicates those searches were tied to his personal medical history."); *Smith v. Facebook, Inc.*, 745 Fed. Appx. 8, 9 (9th Cir. 2018) ("The data show only that Plaintiffs searched and viewed publicly available health information that cannot, in and of itself, reveal details of an individual's health status or medical history." and "Put simply, the connection between a person's browsing history and his or her own state of health is too tenuous to support Plaintiff's' contention that the disclosure requirements of HIPAA or section 1798.91 apply."). Plaintiff's allegations amount to nothing more than this precise scenario: a user browsing Sturdy Memorial's public website, which by itself reveals nothing regarding the user's personal medical information. Therefore, *Becerra* and other courts' findings that the information at issue does not qualify as IIHI proves fatal for all of Plaintiff's causes of action.

B.    **Plaintiff's ECPA Claim Fails Because She Fails to Plead Facts That Plaintiff Purposefully Committed Any Criminal Or Tortious Acts.**

As this Court previously held, because Sturdy Memorial was a party to the alleged electronic communications, Plaintiff's ECPA claim cannot proceed unless she pleads facts supporting application of the crime-tort exception—facts she again fails to allege. Memorandum and Order, dated March 10, 2026, Dkt. 25 at 7, citing 18 U.S.C. § 2511(2)(d). The statute

---

[1] Sturdy Memorial recognizes that the court in *Doe v. Tenet Healthcare Corp.* ("*Tenet*"), allowed claims for negligence and invasion of privacy to survive a motion to dismiss. 731 F. Supp. 3d 142, 152 (D. Mass. 2024). However, the factual allegations in that matter included allegations of the plaintiff's scheduling of medical appointments, including the appointment times and locations being disclosed—which are materially different from Plaintiff's allegations and render the analysis in that decision inapposite. *Id.* at 151–152. Moreover, that decision did not assess an ECPA claim and predated the *Becerra* decision. Numerous federal courts agree with *Becerra* on this point, as cited above. Sturdy Memorial submits that the *Becerra* decision more appropriately contextualizes the information at issue in this case and warrants dismissal of all Plaintiff's claims.

provides: "It shall not be unlawful . . . to intercept a[n] electronic communication where . . . one of the parties to the communication has given prior consent to such interception unless such communication is intercepted *for the purpose of committing any criminal or tortious act* in violation of the Constitution or laws of the United States or of any State." 18 U.S.C. § 2511(2)(d). (emphasis added). In dismissing Plaintiff's Amended Complaint, this Court held that "Caine must plead facts showing that Sturdy Memorial purposefully—not merely knowingly or negligently—committed criminal or tortious acts." *Id. at* 9. Plaintiff's new allegations do not cure the deficiencies the Court identified or plausibly satisfy that standard.[2]

As with her prior Amended Complaint, Plaintiff points to two purported acts that she claims trigger the crime-tort exception: Study Memorial's purported (1) acquisition of IIHI without authorization; and (2) knowing intrusion upon seclusion. Sec. Am. Compl. ¶184. But as this Court already explained to invoke the crime-tort exception, "Caine must—but fails to—plausibly allege that Sturdy Memorial purposefully acquired IIHI without authorization or purposefully intruded upon her seclusion." Dkt. 25 at 9. That remains true. Plaintiff's substantive allegations are materially unchanged, and her repeated use of the word "purposefully" is conclusory and cannot support a reasonable inference of purposeful criminal or tortious conduct.

---

[2] Sturdy Memorial maintains that the crime-tort exception requires a specific intent to commit a crime or tort, as other Courts have held, including within this district. *See Goulart v. Cape Cod Healthcare, Inc.,* 2025 WL 1745732, at *3 (D. Mass. June 24, 2025); *Doe v. Lawrence Gen. Hosp.*, 2025 WL 2808055 (D. Mass. Aug. 29, 2025), *report and recommendation adopted in relevant part*, 2025 WL 2807673 at *11 (D. Mass. Sept. 30, 2025) ("As the Supreme Court has explained, there is a hierarchy of mens rea requirements, with "purpose" at the top. Thus, "'purpose' corresponds loosely with the common-law concept of specific intent"); *Doe v. Genesis Health Sys.*, No. 4:23-CV-04209-JEH, 2025 WL 1000192, at *9 (C.D. Ill. Mar. 18, 2025) ("the crime or tort exception require a specific intent that Defendant knew that its acts were in violation of HIPAA"). However, even under this Court's stated construction of the exception, Plaintiff has not adequately pled facts establishing the exception.

Plaintiff also argues at length that Sturdy Memorial's decision not to enable Google's IP anonymization feature on its public website supports application of the crime-tort exception. Sec. Am. Compl. ¶¶ 57–69. But Plaintiff concedes that the Office for Civil Rights' December 2022 guidance was curtailed after a court struck down part of it. *Id.* at ¶ 62. The decision she references is *Becerra*, in which the Northern District of Texas held that the "Proscribed Combination"—connecting an individual's IP address with a visit to a health care providers' unauthenticated public webpages addressing specific health conditions or health care providers—*is not a disclosure of IIHI* and is not protected under HIPAA's Privacy Rule. *See Becerra*, 738  F. Supp. 3 at 789, 794, 800-804. Thus, as a matter of law, associating an IP address with a search on a hospital's public website, for information about health conditions and specific health care providers—as Plaintiff alleges here—does not constitute IIHI protected under HIPAA. *Id.*

Plaintiff's crime-tort exception theory therefore fails because the Second Amended Complaint does not establish—or support a reasonable inference—that any IIHI was ever recorded or disclosed to Google. Without plausibly alleging that the information at issue was IIHI, Plaintiff cannot plausibly plead that its alleged disclosure was either a crime or a tort. Moreover, as discussed above, the bulk of Plaintiff's alleged activity on Sturdy Memorial's website involved searching for information on behalf of others

Plaintiff's use of Sturdy Memorial's website to obtain information for others underscores why searches on a public website are not private or IIHI. Consistent with that principle, the trend in website-tracking cases is that where allegations are limited to activity and searches on a public website—as they are here—the crime-tort exception does not apply. *Doe v. Lawrence General Hospital*, 2025 WL 2808055, at *15 (D. Mass. Aug. 29, 2025) ("The distinction between access to patient portal information, on the one hand, and browsing data from public websites, on the

8

other, makes sense when considering privacy interests. **When there is no access to a patient portal or bill pay portal, the assumption seems to be that no actual IIHI is implicated.**") (emphasis added). *See also Johnson v. Duxbury, Massachusetts,* 931 F.3d 102, 107 (1st Cir. 2019) (affirming the third party doctrine and holding "the United States Supreme Court has "held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties, …even if the information is revealed on the assumption that it will be used only for a limited purpose.""")(quoting *Carpenter v. United States*, 138 S.Ct. 2206, 2216, 585 U.S. 296, 308 (U.S., 2018) (internal quotation marks omitted)); *see also U.S. v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) ("Internet users have no expectation of privacy in…the IP addresses of the websites they visit because they should know that this information is provided to and used by Internet service providers for the specific purpose of directing the routing of information.")

In sum, something cannot be done purposefully if it is not done at all. Plaintiff fails to allege facts showing that her searches on Sturdy Memorial's public website constitute IIHI or private information, her legal conclusion that Sturdy Memorial purposefully transmitted IIHI to Google is not plausibly pled, and the crime-tort exception is inapplicable.

Even if HIPAA was implicated here—which it is not—Plaintiff's attempt to use an alleged HIPAA violation as the predicate crime to trigger the crime-tort exception further ignores that conflating the ECPA and HIPAA violations would have the perverse effect of undermining HIPAA's own enforcement scheme. *See Roberts v. Charlotte Mecklenburg Hosp. Auth.,* 2025 WL 880538, at *3 n.1 (W.D.N.C. Mar. 20, 2025) (dismissing ECPA claim as an "attempted end run around HIPAA's limitations to seek relief for the same alleged harm"), *appeal docketed* No. 25-1420 (4th Cir. Apr. 18, 2025); *Sweat v. Houston Methodist Hospital*, 2025 WL 2697111, at *5 n.5 (S.D. Tex. Sept. 22, 2025) (recognizing the merit of this argument).

9

Specifically, HIPAA allows no private right of action. *See Acara v. Banks,* 470 F.3d 569, 571 (5th Cir. 2006) ("HIPAA does not contain any express language conferring privacy rights upon a specific class of individuals."). Instead, Congress elected to vest enforcement power with the Department of Health and Human Services and imposed limits on what remedies the agency may seek. *See* 42 U.S.C. §§ 1320d-5–1320d-6. But if the ECPA becomes a back door to civil liability based on a purported HIPAA violation, then hospitals will be mired in the exact kind of private litigation that Congress meant to avoid. In short, Plaintiff's theory of ECPA liability runs contrary to the regulatory scheme of HIPAA, imposing limitless civil liability without regard for the degree of culpability or whether the violation was rectified.[3]

The crime-tort exception is also inapplicable here, since the alleged purpose for deploying Google Analytics on the public website was to facilitate digital marketing—which is not a crime or tort. *Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-CV-02865-EMC, 2024 WL 1589982, at *10 (N.D. Cal. Apr. 11, 2024) (finding the "apparent purpose" of hospital system collecting information via third party software was "for market research and consumer analysis solely for the benefit of [the hospital] in better reaching and serving its patients."); *Rodriguez v. Fastmed Urgent Care, P.C.*, 741 F. Supp. 3d 352, 364 (E.D.N.C. 2024) (dismissing ECPA claim because allegations that "[defendant] intercepted and disclosed [plaintiff's] information to Meta for commercial use or gain [] does not equate to [defendant] intercepting and disclosing [plaintiff's] information 'for the purpose of committing any criminal or tortious act'"); *Cohen v. Casper Sleep Inc.*, No. 17-CV-9325, 2018 WL 3392877, at *3–4 (S.D.N.Y. Jul. 12, 2018) (same); *Nienaber v. Overlake Hospital Medical Ctr.*, No. 2:23-CV-01159-TL, 2025 WL 692097, at *13 (W.D. Wash. Mar. 4, 2025) (same).

---

[3] Congress also established a tiered regulatory scheme to assess penalties based on the level of culpability and whether the healthcare provider rectified the issue. *See* 45 C.F.R. § 102.3.

###### C.    Plaintiff Fails to State a Privacy Claim.

Plaintiff fails to plausibly allege violations of two Massachusetts privacy statutes: (1) a violation of G.L. c. 214, §1B and (2) a violation of G.L. c. 111, § 70 E.

###### 1.    Plaintiff Fails to Plead a Claim for Statutory Invasion of Privacy.

G.L. c. 214, § 1B, provides that "[a] person shall have a right against unreasonable, substantial or serious interference with his privacy." Whether based on intrusion upon seclusion or public disclosure of private facts, "a plaintiff must prove that there was 1) a gathering and dissemination of facts of a private nature that 2) resulted in an unreasonable, substantial or serious interference with his privacy." *Branyan v. Southwest Airlines Co.*, 105 F. Supp. 3d 120, 126 (D. Mass. 2015). The disclosed facts must be "of a highly personal or intimate nature" and the invasion must be "both unreasonable and substantial or serious." *Id.* (citations omitted); *Wofse v. Horn*, 523 F. Supp. 3d 122, 137 (D. Mass. 2021) (citation omitted).

Here, Plaintiff fails to identify *any* particular communication, test result, or medical diagnosis of hers that she claims were disclosed, and therefore does not allege facts sufficient to plausibly allege above a speculative level that any facts of a "highly personal or intimate nature" were disclosed. *Twombly*, 550 U.S. at 545.

Furthermore, mere public browsing data is not information that is "highly personal or intimate in nature." Allegations regarding analytics technologies collecting public website user data is so ubiquitous that Courts have found that "*a reasonable user should expect as much.*" *See Hubbard v. Google LLC*, No. 19-CV-07016-SVK, 2024 WL 3302066, at *7 (N.D. Cal. Jul. 1, 2024) (emphasis in original); *B.K. v. Eisenhower Medical Center*, 721 F. Supp. 3d 1056, 1067 (C.D. Cal. 2024) (dismissing privacy claims because disclosure of "routine medical searches and inquiries" was not "highly offensive"); *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1090 (N.D. Cal. 2022) (explaining "data collection and disclosure to third parties is not a 'highly

11

offensive' intrusion of privacy.") (collecting cases); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (finding disclosure of unique device identifier number, personal data, and geolocation information "does not constitute an egregious breach of social norms.") (citations omitted); *Koppel v. Moses*, No. 20-11479-LTS, 2020 WL 6292871, at **8–9 (D. Mass. Oct. 27, 2020) (dismissing invasion of privacy claim where plaintiff had "not alleged the disclosure of any private facts"). This is true even when the searches include medical information. *See Maghoney v. Dotdash Meredith, Inc.*, No. 24-CV-2394-AJB-BJW, 2026 WL 497402, at *5 (S.D. Cal. Feb. 23, 2026).

Plaintiff fails to allege the disclosure of any highly personal or intimate private facts; therefore, her privacy claim should be dismissed.

### 2.    Plaintiff Fails to Plead a Claim for Invasion of Privacy Under G.L. c. 111, § 70E.

G.L. c. 111, § 70E is known as the Massachusetts "Patients' Bill of Rights." *Darviris v. Petros*, 442 Mass. 274, 275 (2004). It provides that every patient or resident of a Massachusetts health care facility shall have the right "to confidentiality of all records and communications to the extent provided by law." G.L. c. 111, § 70E(b). This cause of action fails for two reasons: (1) there is no private cause of action under the statute; and (2) the browsing history data involved in this case are not medical records protected under the statute.

First, the statute does not provide a private cause of action but instead requires all causes of actions under it to be brought as a medical malpractice claim. Massachusetts courts are "reluctant to infer a private cause of action from a statute in the absence of some indication from the Legislature supporting such an inference." *Loffredo v. Center for Addictive Behaviors*, 426 Mass. 541, 544 (1998). The Massachusetts legislature was clear that causes of action under the Patients' Bill of Rights be brought as medical malpractice claims. The statute provides that,

12

"[a]ny person whose rights under this section are violated may bring, in addition to any other action allowed by law or regulation, a civil action under sections sixty B to sixty E, inclusive, of chapter two hundred and thirty-one." G. L. c. 111, § 70E. In turn, G.L. c. 231, §§ 60B–60E contain provisions regarding medical malpractice claims. This means that "any claim for violation of the Massachusetts Patients' Bill of Rights is to be brought as a medical malpractice claim." *See Xinrong Zhuang v. Benvie*, No. 14-CV-13076-IT, 2018 WL 10335959, at *5 (D. Mass. Feb. 9, 2018). Because there is no private cause of action under the statute other than for medical malpractice claims, Plaintiff's claim must be dismissed.

Second, the statute does not protect the public browsing history data at issue. G.L. c. 111, § 70E(b) provides that every patient or resident of a Massachusetts health care facility shall have the right "to confidentiality of all records and communications to the extent provided by law." Plaintiff fails to allege that any of her communications with doctors were ever disclosed or that any of her medical records, the only kinds of records protected by the Act, were disclosed. The statute explains that confidentiality is afforded to "***records relating to diagnosis, treatment, or other services provided to any person*** …." G. L. c. 111, § 70E (emphasis added). Similarly, in the same chapter, a section regarding hospital record retention provides that hospitals "shall keep ***records of the treatment of the cases under their care including the medical history and nurses' notes***…." G. L. c. 111, § 70 (emphasis added). These provisions show that confidentiality is only afforded to medical records regarding a patient's actual diagnosis, treatment, or medical history, none of which are alleged to be disclosed in this case. *Chin v. Merriot*, 470 Mass. 527, 537 (2015) ("Where possible, we seek to harmonize the provisions of a statute with related provisions that are part of the same statutory scheme 'so as to give full effect to the expressed intent of the Legislature.'") (citation omitted); *Town of Canton v. Comm'r of*

13

*Massachusetts Highway Dep't*, 455 Mass. 783, 791 (2010) ("We construe statutes that relate to the same subject matter as a harmonious whole and avoid absurd results.") (citations omitted).

Courts have similarly understood the term "records" to refer specifically to medical records. *See Swartz v. Cartwright*, No. 000059, 2002 WL 31379860, at \*1 (Mass. Super. Jul. 19, 2002) ("G.L. c. 111, § 70E is not a blanket prohibition against disclosure of **medical records** but rather limits disclosure 'to the extent permitted by law ….'") (emphasis added); *R. M. W. by Wolfe v. Homewood Suites by Hilton Mt. Laurel*, No. CV 09-400 (JHR/AMD), 2012 WL 13186031, at \*11 (D.N.J. Jun. 28, 2012) ("Massachusetts does *not* recognize a physician-patient privilege … but does hold that **medical records** are confidential.") (emphasis added, citations omitted); *Alberts v. Devine*, 395 Mass. 59, 67 (1985) ("In Massachusetts, the Legislature has demonstrated its recognition of a policy favoring confidentiality of medical facts by enacting G.L. c. 111, §§ 70 and 70E, to limit the availability of **hospital records**.") (emphasis added).

Plaintiff does not plausibly allege that any of her medical records were disclosed in this case. Therefore, Plaintiff's claim for a violation of G.L. c. 111, § 70E should be dismissed.

### D.    Plaintiff's Negligence Claim Fails for Lack of Duty, Breach, and Damages.

In order to state a viable claim for negligence under Massachusetts law, Plaintiff must allege facts establishing: "(1) a legal duty owed by defendant to plaintiff; (2) a breach of that duty; (3) proximate or legal cause; and (4) actual damage or injury." *Nelson v. Massachusetts Port Auth.*, 55 Mass. App. Ct. 433, 435 (2002) (citation omitted).

#### 1.    Plaintiff's Negligence Claim Fails for Lack of Duty, Breach, and Damages.

The purported source of Sturdy Memorial's alleged duty to protect Plaintiff's browsing data on a public website is unclear. To the extent Plaintiff alleges that Sturdy Memorial's duty originates from statute, whether it be created by HIPAA, Massachusetts privacy statutes, or any

14

other statute, Plaintiff's claim must be dismissed because Massachusetts does not recognize negligence per se causes of action. *See Roe No. 1 v. Children's Hosp. Med. Ctr.*, 469 Mass. 710, 719 (2014) ("As an initial matter, and as the judge correctly noted, the mere existence of a statute or regulation does not automatically give rise to a legal duty for the purpose of a negligence action.") (citation omitted); *see also Juliano v. Simpson*, 461 Mass. 527, 532 (2012).

To the extent Plaintiff alleges that Sturdy Memorial's duty originates from a fiduciary duty owed by Sturdy Memorial, Plaintiff's negligence claim is duplicative of her fiduciary duty claim and should be dismissed. *See Clark v. Rowe*, 428 Mass. 339, 345 (1998) (dismissing breach of fiduciary duty claim as duplicative of a malpractice claim); *Jordan's Furniture, Inc. v. Carter & Burgess, Inc.*, No. 16-P-728, 2017 WL 3393465, at *3 (Mass. App. 2017) (finding no error in trial judge dismissing contract claims as duplicative of negligence claim because they were all "based on the same core facts."); *Renzulli v. Sullivan*, No. 22 MISC 000564 (KTS), 2024 WL 1903573, at *10 (Mass. Land Ct. Apr. 26, 2024) (instructing plaintiff not to plead a negligence counterclaim because it was "duplicative of the breach of fiduciary duty claim[.]"). Even if it was not duplicative, it would fail for the reasons stated in § III.F.

Moreover, Plaintiff does not plausibly allege the breach of any duty. Plaintiff alleges the breached duty at issue is "a duty to exercise reasonable care in handling and using Plaintiff's and Class Members' PHI and IIHI in its care and custody[.]" *See* Sec. Am. Compl. ¶¶ 152, 200. PHI and IIHI are terms of art defined by HIPAA, and as explained *infra* in § III.A, the public browsing data at issue does not satisfy the statutory definitions of those terms of art. Therefore, Plaintiff failed to allege facts showing any plausible breach of a duty to protect PHI and IIHI. *See Legacy Health*, 2024 WL 4794657 (dismissing plaintiff's negligence claim regarding the public website, under Oregon law, finding that the plaintiff only sufficiently pled that defendant owed

plaintiff a duty with regards to her PHI, which it noted earlier did not include the public website browsing activity at issue).

### 2. Plaintiff Fails to Plead Cognizable Damages.

Plaintiff's negligence claim also fails because she fails to plead any facts to show how she was actually harmed by the alleged conduct. Plaintiff's complaint includes multiple conclusory allegations of damages including unspecified "monetary damages," "exposure to inappropriate advertisements," "increased risk of future harm, embarrassment, and emotional distress," "unauthorized access to [] PII and IIHI by third parties," "improper disclosure of [] PII and IIHI," and "loss in the value of [] PII and IIHI." *See* Sec. Am. Compl. ¶¶ 205–206. Plaintiff must show actual loss as a necessary element of a negligence claim; vague and generic claims alleging violation of property rights are insufficient. *See Portier v. NEO Tech. Sols.*, No. 3:17-CV-30111-TSH, 2019 WL 7946103, at \*15 (D. Mass. Dec. 31, 2019), *report and recommendation adopted*, No. 3:17-CV-30111, 2020 WL 877035 (D. Mass. Jan. 30, 2020) (citation omitted). Further, nominal damages are not recoverable under a negligence claim. *See Donovan v. Philip Morris USA, Inc.*, 455 Mass. 215, 222 (2009) ("[T]here can be no invasion of the rights of another unless legal damage is caused, and for that reason nominal damages cannot be recovered.").

Other than creating a list of alleged damages, Plaintiff provides no factual allegations supporting these proposed damages, and her conclusory assertions should be disregarded. *See A.G. ex rel. Maddox v. v. Elsevier, Inc.*, 732 F.3d 77, 81 (1st Cir. 2013) ("When allegations, though disguised as factual, are so threadbare that they omit any meaningful factual content, we will treat them as what they are: naked conclusions.") (citations omitted). Indeed, in assessing similar allegations many courts have found that plaintiffs have no actionable damages for browsing history information that may be transmitted when searching a health care entity's

16

public website or clicking a button to log in to a patient portal. *See T.D. v. Piedmont HealthCare, Inc.*, No. 1:23-CV-5416-TWT, 2024 WL 3972984, at **3–4 (N.D. Ga. Aug. 28, 2024) ("This is not a case where Plaintiff's personal information was stolen by criminal hackers with malicious intent… The better view from other courts around the country is that these types of damage claims are not actionable."); *Steinberg v. CVS Caremark Corp.*, 899 F. Supp. 2d 331, 339–40 (E.D. Pa. 2012) (Plaintiff "cannot sustain a finding of injury without a specific showing that the plaintiff has sustained a resulting loss.") (collecting cases).

Finally, any allegations regarding merely the risk of future harm are insufficient as a matter of law. *Donovan*, 455 Mass. at 223 ("A plaintiff is entitled to compensation for all damages that reasonably are to be expected to follow, but not to those that possibly may follow.") (citation omitted). Courts have also rejected loss of diminution of value of personal information damages theories where, like here, the plaintiff fails to allege "the existence of a market for the personal information and an impairment of the ability to participate in that market." *Gardiner v. Walmart, Inc.*, No. 20-CV-04618-JSW, 2021 WL 4992539, at *3 (N.D. Cal. Jul. 28, 2021).

### E.    Plaintiff Fails to Allege Mutual Assent and Consideration Necessary for Her Implied Contract Claim.

Under Massachusetts law, breach of contract and breach of implied contract claims largely have the same elements. *Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 230 (1st Cir. 2005). A valid contract requires offer, acceptance, and consideration. *Josef Gartner USA LP v. Consigli Const. Co., Inc.*, No. 10-40072-FDS, 2011 WL 2417137, at *4 (D. Mass. Jun. 10, 2011) (citations omitted). If the parties do not agree on the essential elements of the contract, there can be no contract. *Id.* (affirming dismissal of implied contract claim for a "failure to reach agreement on the basic terms of the contract.").

17

Plaintiff alleges she was required to disclose her "PHI/IIHI" to Sturdy Memorial "as part of the physician-patient relationship," and as a result she and Sturdy Memorial had an implied contract for the protection said information. *See* Sec. Am. Compl. ¶¶ 209–210. As explained *supra* § III.A, the information at issue is not protected by HIPAA, not shared within the context of the provision of medical care, and is merely browsing information. There is no requirement that anyone use Sturdy Memorial's public website as a condition of receiving healthcare services.

Plaintiff fails to plead any facts showing that Sturdy Memorial assented to the protection of Plaintiff's public website browsing data. Contract formation "requires a bargain in which there is manifestation of mutual assent to the exchange." *Vacca v. Bringham & Women's Hosp., Inc.*, 156 N.E.3d 800, 806 (Mass. App. Ct. 2020) (internal citations and quotations omitted). There is a lack of mutual assent where the parties do not discuss the need to safeguard information. *See Weekes v. Cohen Cleary P.C.*, 723 F. Supp. 3d 97, 104 (D. Mass. 2024) (dismissing breach of implied contract claim where no allegations that parties "discussed the manner of safeguarding the PII or PHI or that plaintiff had a particular concern about disclosing that information."). Plaintiff does not allege that Sturdy Memorial agreed to protect Plaintiff's public browsing data, and mere belief by the Plaintiff is insufficient as a matter of law to create a binding contract. *See Webb v. Injured Workers Pharmacy, LLC*, No. 22-CV-10797, 2023 WL 5938606, at *3 (D. Mass. Sept. 12, 2023) (finding plaintiff's good faith belief that their PII would be protected as insufficient because there was "no allegation that [Defendant] agreed – explicitly or implicitly – to provide such protection."); *In re Mednax Servs. Customer Data Sec. Breach Litig,* 603 F. Supp. 3d 1183, 1221 (S.D. Fla. 2022) (dismissing claim where "plaintiffs allege[d] no invitation or solicitation by Defendants indicating that Defendants implicitly assented to secure their PHI and PII in exchange for remuneration"); *J.R. v. Walgreens Boots Alliance, Inc.*, No. 20-1767,

18

2021 WL 4859603, at *5 (4th Cir. Oct. 19, 2021). As such, Plaintiff fails to plead facts sufficient to show assent by Sturdy Memorial to protect her public browsing data.

Plaintiff also fails to plead the existence of any consideration. A purported promise for Sturdy Memorial to protect PHI/IIHI is not valid consideration given that it is a pre-existing legal obligation under HIPAA. *See Gravallese v. Massachusetts Parole Bd.*, No. CA 945777, 1995 WL 808813, at *2 (Mass. Super. Apr. 19, 1995) (a promise to perform a pre-existing duty is not valid consideration); *Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1367 (S.D. Fla. 2017) ("Because the Defendants are required by law to adhere to HIPAA without receiving any consideration from the Plaintiff [], these provisions cannot create contractual obligations.").

F.      **Plaintiff Fails to Plead a Fiduciary Relationship Between Sturdy Memorial and Plaintiff with Regards to Her Public Website Browsing Data**.

Plaintiff fails to plausibly allege the existence of a fiduciary relationship between herself and Sturdy Memorial with regards to her browsing the public website. The elements of a breach of fiduciary duty claim include: (1) existence of a fiduciary duty based upon the relationship of the parties; (2) breach of the fiduciary duty; (3) damages; and (4) a causal connection between breach of fiduciary duty and damages. *Cape Cod ASC, LLC v. Bentivegna*, No. 2008457, 2010 WL 3038824, at *3 (Mass. Super. Jul. 1, 2010) (citation omitted). However, fiduciary relationships have boundaries. The central tenet of a fiduciary relationship is the "duty on the part of the fiduciary to act for the benefit of the other party to the relation as to matters ***within the scope of the relation***." 1 A.W. Scott & W.F. Fratcher, TRUSTS § 2.4 (4th ed. 1987) (emphasis added); *see* RESTATEMENT (SECOND) OF TRUSTS § 2 comment b (1959) (same).

Plaintiff alleges that the fiduciary relationship between her and Sturdy Memorial is a physician/patient relationship. *See* Sec. Am. Compl. ¶ 230. Accepting that allegation as true, Massachusetts courts have recognized limits to such fiduciary relationships. Fiduciaries are only

19

held to a higher standard "as to matters within the scope of the fiduciary relationship," and even in a physician-patient relationship, "the scope of the fiduciary duty is defined by the incidents and undertakings of the defendant *as a physician*." *Korper v. Weinstein,* 57 Mass. App. Ct. 433, 437–38 (2003) (emphasis added). The *Korper* court found that a plaintiff's complaints against her doctor based on their romantic relationship, instead of his provision of physician services to her as a patient, were outside the scope of their fiduciary relationship. *Id.* at 436–38. The court "decline[d] the plaintiff's invitation to expand the scope of the fiduciary duty a doctor owes a patient to include conduct beyond the context of medical treatment[.]" *Id.* at 438 n. 11.

As in *Korper*, the context of the Plaintiff's relationship with Sturdy Memorial when she used the public website is outside the scope of the alleged physician/patient fiduciary relationship. Public website browsing history data are not medical records and do not contain IIHI as protected by HIPAA. *See supra* § III.A. There is no physician providing medical advice or treatment—it is an informational public website that the Plaintiff is browsing. Both patients and non-patients alike may browse the public website. As such, it would be inconsistent to afford higher fiduciary duty protections to some visitors to the public website—namely patients—and not other members of the public when Sturdy Memorial does not know who any of the browsers to its public website are nor the context for their visit to the website. Plaintiff's allegations fall outside the scope of any alleged patient/physician relationship, and Plaintiff failed to plausibly allege the breach of a fiduciary relationship between her and Sturdy Memorial.

## CONCLUSION

For the foregoing reasons, Sturdy Memorial respectfully asks the Court to dismiss the Second Amended Complaint with prejudice.

20

Dated: April 30, 2026                          Respectfully submitted,


/s/ Elizabeth A. Scully
Elizabeth A. Scully (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
escully@bakerlaw.com
T: (202) 861-1500

James H. Rollinson (BBO #649407)
BAKER & HOSTETLER LLP
127 Public Street
Suite 2000
Cleveland, OH 44116
jrollinson@bakerlaw.com
T: (216) 621-0200
F: (216) 626-0740


*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 30, 2026, a copy of the foregoing was served via CM/ECF which will serve the Plaintiff's counsels of record.

/s/ Elizabeth A. Scully
Elizabeth A. Scully (*admitted pro hac*)
BAKER & HOSTETLER LLP

*Attorney for Defendant*