**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DEBORAH CAINE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STURDY MEMORIAL HOSPITAL, INC.,<br><br>Defendant. | Case No. 1:25-cv-10261-ADB |

**DEFENDANT STURDY MEMORIAL HOSPITAL, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Sturdy Memorial Hospital, Inc. ("Sturdy Memorial"), by and through its counsel, hereby respectfully calls the Court's attention to newly issued authority relevant to Sturdy Memorial's pending motion to dismiss (ECF Nos. 32–33). On July 29, 2026, Magistrate Judge Paul G. Levenson issued a Report and Recommendation to Judge Nathaniel M. Gorton regarding Defendant Lawrence General Hospital ("LGH")'s motion to dismiss Plaintiff Doe's amended complaint in the case of *Doe v. Lawrence General Hospital*. *See* No. 25-cv-10081, ECF No. 41 (D. Mass. Aug. 29, 2025), attached here as **Exhibit A**. Plaintiff Doe's second amended complaint against LGH (No. 25-cv-10081, ECF No. 56) makes similar allegations as those raised by Plaintiff Deborah Caine in her Amended Complaint against Sturdy Memorial here (ECF No. 28)—including asserting several similar claims as Plaintiff Doe on similar legal theories.

Magistrate Judge Levenson recommended that Judge Gorton grant LGH's motion to dismiss Plaintiff Jane Doe's ECPA claim (Count I) and then remand her remaining state law claims to the Superior Court. Magistrate Judge Levenson's detailed analysis underlying that recommendation lends further support to multiple arguments Sturdy Memorial has made for

dismissal of the Plaintiff Caine's ECPA claim here (also Count I).

Magistrate Judge Levenson found that "the ECPA statute explicitly includes a heightened scienter requirement—'for the purpose of committing any criminal or tortious act'—that distinguishes the legally innocuous act of intercepting one's own communications (single-party consent) from the crime of doing so for a specified improper purpose." Ex. A at 15. As for allegations that the "purpose" may be committing various state torts, he found that Plaintiff Doe's "conclusory allegations," which are similar to Plaintiff Caine's here, "fall short of alleging any plausible *factual* basis for supposing that LGH was motivated by a conscious desire or malign purpose to violate state tort or privacy laws." *Id.* at 16. The Report and Recommendation extensively analyzed whether "clicks and searches by persons navigating LGH's public-facing static webpages constitute information that is protected by HIPAA" and ultimately concluded that "the SAC contains no plausible factual allegation that LGH maintained data about navigation clicks or searches in any HIPAA-regulated file or record set." *Id.* at 17–36.

Magistrate Levenson's analysis also addresses *Doe v. Baystate Health Sys., Inc.*, No. 1:25-CV-10337-JEK, 2026 WL 776861 (D. Mass. Mar. 19, 2026), which Plaintiff Caine relied on in her Opposition to the Motion to Dismiss. *See* ECF No. 35 at 7, 9.

> In one case in this district involving a healthcare provider website, the court held that allegations of a complaint were sufficient to support the plausible inference that a hospital had intercepted communications on its website "for the purpose of facilitating some further impropriety—namely, violating Section 1B [the Massachusetts Privacy Statute] by disclosing Doe's private health information without her consent." *Doe v. Baystate Health Sys., Inc.*, No. 1:25-CV-10337-JEK, 2026 WL 776861, at *4 (D. Mass. Mar. 19, 2026) (citation modified).
>
> Whatever may have been the allegations in that case, the SAC here includes no factual allegations that plausibly support an inference that LGH was actually motivated by a desire to disclose private health information. There's a big difference between disregarding (even recklessly or for the purpose of saving money) a risk that one's

> conduct may be tortious, and acting for the *purpose* of committing the tort. In the Supreme Court's words, the difference is in acting "'because of,' not merely 'in spite of,'" the prohibited end. *Iqbal*, 556 U.S. at 676–77.

Ex. A at 16 n.13.

Magistrate Judge Levenson concluded that "the factual allegations of the Second Amended Complaint do not make out a plausible claim that LGH's deployment of tracking tools on its public website involved a criminal disclosure of HIPAA-protected data." Ex. A at 36. That conclusion applies with equal force here and further supports dismissal of Plaintiff Caine's ECPA claim.

Dated: August 7, 2026

Respectfully submitted,

*/s/ Elizabeth A. Scully*__________

Elizabeth A. Scully (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
escully@bakerlaw.com
T: (202) 861-1500
F: (202) 861-1783

James H. Rollinson, Esq. (BBO #649407)
BAKER & HOSTETLER LLP
127 Public Street
Suite 2000
Cleveland, OH 44116
jrollinson@bakerlaw.com
T: (216) 621-0200
F: (216) 626-0740

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 7, 2026, copies of the foregoing were filed using the Court's CM/ECF service which will provide service copies to the Plaintiff's counsel of record.

*/s/ Elizabeth A. Scully*
*One of the attorneys for defendant*